UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE CALLAN, Individually and on Behalf of All Others Similarly Situated, | No. |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS |
| v. | |
| MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC and PACIFIC CREST SECURITIES LLC | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS
Case No.


1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

# TABLE OF CONTENTS

PAGE

I.     NATURE OF THE ACTION ..................................................................................1

II.    JURISDICTION AND VENUE ...........................................................................3

III.   PARTIES ..................................................................................................................4

IV.    FRAUDULENT SCHEME AND COURSE OF BUSINESS ...........................7

V.     BACKGROUND .....................................................................................................7

VI.    DEFENDANTS' FALSE AND MISLEADING STATEMENTS MADE IN
       CONNECTION WITH THE IPS AND DURING THE CLASS PERIOD.....8

VII.   ADDITIONAL SCIENTER ALLEGATIONS ................................................15

VIII.  LOSS CAUSATION/ECONOMIC LOSS .......................................................16

IX.    NO SAFE HARBOR ...........................................................................................16

X.     CLASS ACTION ALLEGATIONS ..................................................................17

XI.    APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON
       THE MARKET DOCTRINE................................................................................18

COUNT I  FOR VIOLATION OF § 10(B) OF THE 1934 ACT AND RULE 10B-5
       AGAINST MOTRICITY AND THE OFFICER DEFENDANTS.....................19

COUNT II  FOR VIOLATION OF § 20(A) OF THE 1934 ACT AGAINST ALL
       DEFENDANTS .....................................................................................................20

COUNT III  FOR VIOLATION OF § 11 OF THE 1933 ACT
       AGAINST ALL DEFENDANTS .......................................................................20

COUNT IV  FOR VIOLATION OF § 15 OF THE 1933 ACT
       AGAINST ALL DEFENDANTS .......................................................................22

PRAYER FOR RELIEF .......................................................................................................22

JURY DEMAND ...................................................................................................................23

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - i
Case No.

010261-11  466027 V1



Plaintiff has alleged the following based upon the investigation of plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Motricity, Inc. ("Motricity" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company, and plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I.   NATURE OF THE ACTION

1.    This is a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Motricity between June 18, 2010, and August 9, 2011, inclusive (the "Class Period"), and/or who acquired shares of Motricity common stock pursuant or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with its June 17, 2010 initial public offering ("IPO"), seeking to pursue remedies under the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("1934 Act").

2.    Motricity provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore.

3.    During the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Specifically, defendants failed to disclose negative trends in Motricity's business, including with Motricity's most important customers. As a result of defendants' false statements, Motricity stock traded at artificially inflated prices during the Class Period, reaching a high of $30.74 per share on November 9, 2010.

4.    On June 18, 2010, Motricity announced the pricing of its IPO of 6 million shares of common stock at $10 per share (which included 1 million shares to be purchased at the IPO

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 1
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

price of $10.00 per share, less the underwriting discount, by one or more entities affiliated with Carl C. Icahn – who had an existing 18.5% beneficial ownership interest in Motricity) with an overallotment option granted to the underwriters to purchase up to an additional 750,000 shares, for net proceeds of $51.4 million.

5. During the Class Period, defendants represented that the Company would continue to prosper despite the increasing popularity of smartphones, which provide Internet access without Motricity's services. In April 2011, the Company acquired Adenyo, a mobile marketing, advertising and analytics solutions provider with operations in the United States, Canada and France.

6. On May 3, 2011, Motricity issued a press release announcing its first quarter 2011 financial results. The Company reported a net loss of ($6.1) million, or ($0.15) diluted earnings per share ("EPS"), which included the Adenyo acquisition, and revenue of $32.2 million.

7. On this news, Motricity's stock dropped $1.82 per share to close at $10.99 per share on May 4, 2011, a one-day decline of 14% on volume of over 4 million shares.

8. Then, on August 9, 2011, Motricity issued its second quarter 2011 financial results, reporting a net loss of ($4.3) million, or ($0.09) diluted EPS, including the expenses of the Adenyo acquisition, and revenue of $34.6 million. This result fell well short of Wall Street's forecast. The release stated in part:

> "Our financial results are below our expectations, due to headwinds in our North America carrier business, increased competition in the international market which impacted our ability to close new deals, and a later than expected closing of the Adenyo transaction. We are providing a greater level of revenue detail in this press release on the primary areas of our business – North American Carrier, International Carrier and Mobile Marketing and Advertising – so that investors can better understand our company," said Ryan Wuerch, chief executive officer of Motricity.

> \*      \*      \*

> "At the senior level of management, we are initiating a transition in the CFO position to replace Allyn Hebner, who will assist with the transition. We also made the decision to make another transition in

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 2
Case No.



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

010261-11 466027 V1

our senior team with Jim Ryan, who has previously served as our Chief Strategy and Marketing and Development Officer and whose responsibilities are now being handled by others," added Wuerch.

9.      As a result of this news, Motricity's stock price plummeted, opening at $2.26 per share on August 10, 2011, a decline of 50% on huge volume.

10.     The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

        (a)     Motricity's business was being adversely affected by a faster than expected adoption of smartphones by consumers such that a smaller portion of the market needed Motricity's services;

        (b)     Motricity's largest customers were not increasing their demand for Motricity's services to the extent represented; and

        (c)     Motricity's business was not growing as fast as represented, particularly domestically.

11.     As a result of defendants' false statements, Motricity's stock traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down over 92% from their Class Period high.

## II.      JURISDICTION AND VENUE

12.     The claims asserted herein arise under and pursuant to §§ 11 and 15 of the 1933 Act [15 U.S.C. §§ 77k and 77o], and §§ 10(b) and 20(a) of the 1934 Act [15 U.S.C. §§ 78j(b) and 78t(a)] and SEC Rule 10b-5 [17 C.F.R. § 240.10b-5]. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 27 of the 1934 Act and § 22 of the 1933 Act.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because defendants maintain an office in this District and many of the acts and practices complained of herein occurred in substantial part in this District.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 3
Case No.



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

14.     In connection with the acts and conduct alleged in this complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails and interstate wire and telephone communications.

### III.     PARTIES

15.     Plaintiff Joe Callan, as set forth in the accompanying certification and incorporated by reference herein, purchased the common stock of Motricity during the Class Period and has been damaged thereby.

16.     Defendant Motricity provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore.

17.     Defendant Ryan K. Wuerch ("Wuerch") founded the Company and serves as Chief Executive Officer ("CEO") and a director of Motricity. During the Class Period, Wuerch sold 294,800 shares of his Motricity stock for proceeds of over $5.6 million. Defendant Wuerch signed or authorized the signing of the false and misleading Registration Statement.

18.     Defendant Allyn P. Hebner ("Hebner") serves as Chief Financial Officer ("CFO") of Motricity. During the Class Period, Hebner sold 55,950 shares of his Motricity stock for proceeds of over $1.1 million. Defendant Hebner signed or authorized the signing of the false and misleading Registration Statement.

19.     Defendant James R. Smith, Jr. ("Smith") serves as President and Chief Operating Officer of Motricity. During the Class Period, Smith sold 150,332 shares of his Motricity stock for proceeds of over $3.0 million.

20.     Defendant James N. Ryan ("Ryan") serves as Chief Development Officer of Motricity. During the Class Period, Ryan sold 71,270 shares of his Motricity stock for proceeds of over $1.3 million.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 4
Case No.

010261-11  466027 V1

HAGENS BERMAN
1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

21.     Defendant Jeffrey A. Bowden ("Bowden") served as a director of Motricity until his resignation in February 2011.  Defendant Bowden signed or authorized the signing of the false and misleading Registration Statement.

22.     Defendant Hunter C. Gary ("Gary") serves as a director of Motricity.  Defendant Gary signed or authorized the signing of the false and misleading Registration Statement.

23.     Defendant Brett Icahn ("Icahn") serves as a director of Motricity.  Defendant Icahn signed or authorized the signing of the false and misleading Registration Statement.

24.     Defendant Lady Barbara Judge ("Judge") serves as a director of Motricity. Defendant Judge signed or authorized the signing of the false and misleading Registration Statement.

25.     Defendant Suzanne H. King ("King") serves as a director of Motricity.  Defendant King signed or authorized the signing of the false and misleading Registration Statement.

26.     Defendant Brian V. Turner ("Turner") serves as a director of Motricity. Defendant Turner signed or authorized the signing of the false and misleading Registration Statement.

27.     The defendants referenced above in ¶¶ 17-20 are referred to herein as the "Officer Defendants."

28.     The defendants referenced above in ¶¶ 17 and 21-26 are referred to herein as the "Director Defendants" and are named as defendants solely for violations of the 1933 Act.

29.     Defendant J.P. Morgan Securities Inc. ("JP Morgan") is the U.S. investment banking arm of financial services giant JPMorgan Chase & Co.  JP Morgan provides debt and equity underwriting, M&A and corporate restructuring advisory, securities dealing and brokerage, and trade execution services for large-market companies and institutional investors. JP Morgan acted as joint book-running manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 5
Case No.



010261-11  466027 V1

30.     Defendant Goldman, Sachs & Co. ("Goldman") provides investment banking, securities and investment management services to a substantial and diversified client base that includes corporations, financial institutions, governments and high-net-worth individuals. Goldman acted as joint book-running manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

31.     Defendant Deutsche Bank Securities Inc. ("Deutsche") is the U.S. investment banking and securities arm of Deutsche Bank AG. Deutsche provides investment banking products and services. Deutsche acted as co-manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

32.     Defendant RBC Capital Markets Corporation ("RBC") offers corporate and investment banking services to corporations, governments, and institutions. The firm's services include public and private placement of debt and equity securities, strategic alliances, mergers and acquisitions advice, corporate finance, equity and debt underwriting, and structured project finance. RBC acted as co-manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

33.     Defendant Robert W. Baird & Co. Incorporated ("Baird") is an international employee-owned financial services firm providing wealth management, capital markets, private equity and asset management services to individuals, corporations, institutional investors and municipalities. Baird acted as co-manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

34.     Defendant Needham & Company, LLC ("Needham") is an independent investment bank and asset management firm specializing in advisory services and financings for growth companies. Needham acted as co-manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

35.     Defendant Pacific Crest Securities LLC ("Pacific Crest") is an investment-banking firm that provides financial advisory services to public and privately held technology

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 6
Case No.

010261-11 466027 V1



HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

companies. Pacific Crest acted as co-manager and underwriter for Motricity's IPO, helping to draft and disseminate the offering documents.

36. The defendants named in ¶¶ 29-35 are referred to herein as the "Underwriter Defendants."

37. Defendant Motricity and the Officer Defendants and the Director Defendants who signed the Registration Statement are strictly liable for the false and misleading statements incorporated into the Registration Statement. The Underwriter Defendants drafted and disseminated the offering documents and were paid more than $5 million in connection therewith. The Underwriter Defendants' failure to conduct an adequate due diligence investigation was a substantial factor leading to the harm complained of herein.

## IV. FRAUDULENT SCHEME AND COURSE OF BUSINESS

38. Defendants are liable for: (i) making false statements; or (ii) failing to disclose adverse facts known to them about Motricity. Defendants' fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of Motricity common stock was a success, as it: (i) deceived the investing public regarding Motricity's prospects and business; (ii) artificially inflated the price of Motricity common stock; (iii) allowed the Individual Defendants to sell over $11 million worth of their own Motricity stock at artificially inflated prices; and (iv) caused plaintiff and other members of the Class to purchase Motricity common stock at inflated prices.

## V. BACKGROUND

39. Motricity is a provider of mobile data solutions and services that enable wireless carriers to deliver mobile data services to their subscribers. It provides a suite of hosted, managed service offerings, including mobile Web portal, storefront, messaging, and billing support and settlement, which enable wireless carriers to deliver customized, carrier-branded mobile data services to their wireless subscribers. The Company's mCore service delivery platform provides the tools for mobile subscribers to locate and access personally relevant and

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 7
Case No.



010261-11 466027 V1

1  location-based content and services, engage in social networking and download content and

2  applications. The most important competition for Motricity's services were smartphones, which

3  provided Internet access without Motricity's services. Since smartphones were growing in

4  popularity, Motricity's potential market was gradually declining.

**VI.     DEFENDANTS' FALSE AND MISLEADING STATEMENTS MADE IN
          CONNECTION WITH THE IPS AND DURING THE CLASS PERIOD**

40.     Beginning in January 2010, the Company filed a Form S-1 Registration Statement

and Amendments thereto (collectively the "Registration Statement") in connection with its IPO,

which Registration Statement was declared effective by the SEC on June 17, 2010.

41.     On June 17, 2010, the Company filed a Form S-1/A Registration Statement with

the SEC to facilitate the offering of 6 million shares of Motricity common stock to the public.

42.     On June 18, 2010, Motricity issued a press release announcing the pricing of the

IPO, which stated in part:

> Motricity, a leading provider of mobile data solutions,
> announced that it has priced its initial public offering of 6,000,000
> shares of common stock at a price of $10 per share. This includes
> 1,000,000 shares that are being purchased at the initial public
> offering price, less the underwriting discount by one or more
> entities affiliated with Carl C. Icahn. Mr. Icahn has an existing
> 18.5% beneficial ownership interest in the Company prior to this
> purchase. Motricity's common stock will begin trading on the
> NASDAQ Global Market today under the symbol "MOTR." The
> underwriters have a 30-day option to purchase up to an additional
> 750,000 shares of common stock from the Company at the initial
> public offering price.
>
> J.P. Morgan Securities Inc. and Goldman, Sachs & Co. are
> acting as joint book-running managers. Deutsche Bank Securities
> Inc., RBC Capital Markets Corporation, Robert W. Baird & Co.
> Incorporated, Needham & Company, LLC and Pacific Crest
> Securities LLC are acting as co-managers.

43.     The Prospectus for the IPO emphasized the growth potential of Motricity's

market:

> The Yankee Group estimates that the mobile data services
> market in the U.S. will grow from $40 billion in 2009 to
> $48 billion in 2013, and worldwide will grow from $195 billion in

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 8
Case No.



010261-11 466027 V1

2009 to $253 billion in 2013. The mobile data services market predominantly includes data access, content and applications, commerce and messaging services.

44. The Prospectus also represented the Company's competitive strengths:

*Strong Relationships with Wireless Carriers.* We have well-established relationships with the top wireless carriers in the U.S. market, including Verizon Wireless, AT&T, Sprint and T-Mobile USA and a new relationship with XL Axiata in Indonesia. We believe that we have been an integral partner with our wireless carrier customers and have assisted them with all phases of their mobile data services strategies, including design, development, deployment, provisioning, management, billing and customer support.

*Deep Integration within the Mobile Data Ecosystem.* Our mCore service delivery platform is deeply integrated into our wireless carrier customers' systems, with the result that we can more effectively deliver an enhanced mobile data experience to their subscribers. We connect directly into our wireless carrier customers' wireless network infrastructure as well as their provisioning and billing systems and their customer care systems....

*Highly Scalable Platform.* Our mCore service delivery platform has been built using a flexible modular architecture that enables wireless carriers to deliver a highly scalable and highly reliable, carrier-branded experience.

*Comprehensive Expertise in Managed Service Operations.* . . . . We deliver these services to the world's leading carriers, application and content providers ranging in complexity from roll-out and testing of minor customizations to major new strategic initiatives involving numerous third parties and onboarding of content and roll-out of a continually expanding set of devices. Our managed service environment consists of thousands of servers across multiple datacenters and is capable and contracted to deliver highly reliable service delivery reaching up to 99.999% availability.

45. The Prospectus also emphasized Motricity's future growth opportunities:

We intend to expand our business in developed and emerging international markets, such as those in Southeast Asia, India and Latin America. We recently entered into an agreement with XL Axiata, a wireless carrier in Indonesia. We intend to apply our expertise gained from the U.S. market and fully leverage the capabilities and scale of the mCore platform to enable the rapid deployment of advanced mobile data services in these new markets in a cost-effective and efficient manner.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 9
Case No.



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(205) 623-7292 • FAX (206) 623-0594

010261-11 466027 V1

We believe that we are a market leader in mobile data services and solutions in terms of technological capabilities, market share and range of service offerings, and we intend to expand on this position....

We intend to leverage our core competencies, technologies, and existing market position to broaden our offerings and customer base and advance into new market segments....

We intend to extend further our support for new versions of smartphones and extend our support for data-rich applications which have higher rates of data consumption on these mobile devices. In addition, we will continue to leverage our subscriber behavior insights and user interface expertise to offer more personalized and richer experiences to smartphones. We expect to fully capitalize on the extensive capabilities of smartphones and their significant market adoption.

46.     On August 3, 2010, Motricity issued a press release announcing its financial results for the second quarter of 2010, the period ended June 30, 2010. For the quarter, the Company reported that revenue increased 5% to $30.4 million. Defendant Wuerch commented on the results, stating, in pertinent part, as follows:

Solid execution, accelerated revenue growth and significant margin expansion enabled Motricity to exceed expectations in revenues, Adjusted EBITDA and Adjusted Net Income .... Motricity's mCore platform is driving mobile data services and mobile internet growth for some of the largest carriers and enterprises in the world. Our ability to deliver 'Mobile as a Service' through a cloud computing environment is producing strong results that were evidenced in the second quarter. Our domestic business is continuing to grow as AT&T has contracted to implement our next-generation storefront solution – Marketplace. Moreover, we signed a multi-year extension to our longstanding relationship with Verizon Wireless, which includes enabling the mobile internet across Verizon's newest smartphones such as the HTC Incredible and Droid X. We are capitalizing on the massive global opportunity for mobile internet users by adding XL Axiata in Indonesia, one of the largest and fastest growing carriers in Southeast Asia, as the first customer in our Asia Pacific region growth strategy. We believe that this new relationship is a powerful leading indicator that carriers are turning to Motricity as their mobile data services partner of choice on a worldwide basis."

47.     On November 2, 2010, Motricity issued a press release announcing its financial results for the third quarter of 2010, the period ended September 30, 2010. For the quarter, the

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 10
Case No.

010261-11  466027 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Company reported that revenue increased 35% year-over-year to $37.9 million. Defendant Wuerch commented on the results, stating, in pertinent part, as follows:

> Motricity has an exceptional, global opportunity, and we made substantial progress during the third quarter. As a mobile Internet pure-play, we believe we are well-positioned to drive strong growth year-over-year through the fourth quarter and beyond …. In North America, we successfully launched AT&T's AppCenter, powered by mCore Marketplace, providing AT&T's subscribers a broad range of content including applications, music, videos and games with highly-personalized merchandizing and a new, simplified express purchase process. We also rolled-out MobileCast, a compelling new content management service giving carriers an intelligent architecture to drive mobile data services revenues through delivery of relevant media, applications and digital goods directly to subscribers' smartphones.
>
> We continue to capitalize on the unparalleled opportunities available in the emerging international markets and strengthened this position by launching XL Axiata's XLGo! in Indonesia, and by becoming the mobile data services provider for one of India's largest operators, Reliance Communications, with over 105 million subscribers. We experienced additional gains in Adjusted EBITDA and Adjusted Net Income, driving margin and shareholder value by leveraging our 'Mobile as a Service' cloud computing model ….

48. In response to the earnings announcement and the subsequent conference call, shares of the Company's stock rose $6.49 per share over the next four trading days – to close at $30.74 per share on November 9, 2010, the Company's Class Period high.

49. On February 8, 2011, Motricity issued a press release announcing its fourth quarter and fiscal year 2010 financial results. The Company reported net income of $2.9 million, or $0.06 diluted EPS, and revenue of $36 million for the fourth quarter. The Company additionally reported revenue for the full year 2010 of $133.4 million. The release stated in part:

> 2010 was a breakout year for Motricity. During our first six months as a publicly-traded company we posted strong revenue, margin and profit growth," said Ryan Wuerch, chief executive officer. "Since our IPO last June, Motricity has strengthened its leadership position within the industry. We have continued to deliver market leading solutions for AT&T, Verizon and Sprint while aggressively expanding our international footprint – signing six new international operators throughout SE Asia and India – more than doubling our global addressable market

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 11
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

opportunity. Moreover, in the fourth quarter we developed and launched a new solution in partnership with Sprint and HSN highlighting how Motricity's mCore platform delivers smartphone solutions that enhance the mobile experience on behalf of our enterprise customers."

Our proposed acquisition of Adenyo, a global leader in mobile advertising, marketing, and analytics, further expands our immediate market opportunity into the rapidly growing mobile advertising and marketing space which ABI Research estimates will reach $29.9 billion in 2014 globally. Motricity has the opportunity to further monetize its access to over 350 million subscribers by integrating Adenyo's technology and deep enterprise and agency relationships into our mCore platform. Motricity's long-term objective is to participate in the direct and indirect monetization of over a billion users coming through our cloud-based, mCore platform. Motricity's ability to deliver highly personalized, relevant content and value-added services to mobile users globally through our 'mobile as a service' offering provides us with the most comprehensive mobile data services platform in the market today," added Wuerch.

50.     On April 14, 2011, Motricity issued a press release announcing the acquisition of Adenyo, a mobile marketing, advertising and analytics solutions provider with operations in the United States, Canada and France. The release stated in part:

"With the acquisition of Adenyo and integration of their platform into mCore, we are changing the landscape of the mobile data services industry. Innovative operators, brands and agencies can now leverage Motricity's software as a service platform to provide highly targeted mobile advertising, marketing and analytics solutions. Our expertise will help them expand their market reach and provide their customers with relevant content and services. Motricity is creating new revenue opportunities by expanding its customer base to include global brands and ad agencies," said Ryan Wuerch, chief executive officer of Motricity. "Our focus in the coming years is to have one billion mobile customers worldwide accessing these offerings and services through Motricity's mCore platform."

51.     According to the Company's Form 8-K filing with the SEC, Motricity paid $49.1 million in cash and issued nearly 3.3 million shares of its common stock as consideration for the acquisition.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 12
Case No.

010261-11  466027 V1



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

52. On May 3, 2011, Motricity issued a press release announcing its first quarter 2011 financial results. The Company reported a net loss of ($6.1) million, or ($0.15) diluted EPS, which included the Adenyo acquisition, and revenue of $32.2 million. The release stated in part:

> "Motricity drove strong year-over-year growth in revenue and margin," said Ryan Wuerch, chief executive officer of Motricity. "Our international deployments with customers including XL, Celcom, Robi, Hello, Dialog and Reliance are on track, and managed services revenue from our new international customers grew 50 percent over the prior quarter. These facts, along with very encouraging usage metrics such as XL's recently reported 44% year-over-year growth in data revenue and 6 million users on XL!Go powered by Motricity, are strong leading indicators of substantial international growth."
>
> "Our international mobile operator sales pipeline has grown ten-fold since this time last year, including targets in Southeast Asia, India, Latin America and Europe with several at the final sales stage. The addition of mobile advertising and marketing capabilities to our mCore platform is amplifying these opportunities. In a global market of over 4.5 billion mobile subscribers, Motricity is uniquely positioned to empower mobile operators, brands and advertising agencies to capitalize on the dynamic growth of the mobile internet," added Wuerch.

53. In response to this announcement of a net loss for the quarter, the price of Motricity common stock fell $1.82 per share, or approximately 14%, to close at $10.99 per share, on volume of over 4 million shares.

54. Then, on August 9, 2011, Motricity issued its second quarter 2011 financial results, reporting a net loss of ($4.3) million, or ($0.09) diluted EPS, including the expenses of the Adenyo acquisition, and revenue of $34.6 million. This result fell well short of Wall Street's forecast. The release stated in part:

> "Our financial results are below our expectations, due to headwinds in our North America carrier business, increased competition in the international market which impacted our ability to close new deals, and a later than expected closing of the Adenyo transaction. We are providing a greater level of revenue detail in this press release on the primary areas of our business – North American Carrier, International Carrier and Mobile Marketing and Advertising – so that investors can better understand our company," said Ryan Wuerch, chief executive officer of Motricity.



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

*　　*　　*

"At the senior level of management, we are initiating a transition in the CFO position to replace Allyn Hebner, who will assist with the transition. We also made the decision to make another transition in our senior team with Jim Ryan, who has previously served as our Chief Strategy and Marketing and Development Officer and whose responsibilities are now being handled by others," added Wuerch.

55.     As a result of this news, Motricity's stock price plummeted, opening at $2.26 per share on August 10, 2011, a decline of 50% on huge volume.

56.     The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

(a)     Motricity's business was being adversely affected by a faster than expected adoption of smartphones by consumers such that a smaller portion of the market needed Motricity's services;

(b)     Motricity's largest customers were not increasing their demand for Motricity's services to the extent represented; and

(c)     Motricity's business was not growing as fast as represented, particularly domestically.

57.     The market for Motricity common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Motricity common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Motricity common stock relying upon the integrity of the market price of Motricity common stock and market information relating to Motricity, and have been damaged thereby.

58.     During the Class Period, defendants materially misled the investing public, thereby inflating the price of Motricity's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 14
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  and misleading in that they failed to disclose material adverse information and misrepresented

2  the truth about the Company, its business and operations, as alleged herein.

3       59.    At all relevant times, the material misrepresentations and omissions particularized

4  in this complaint directly or proximately caused, or were a substantial contributing cause of, the

5  damages sustained by plaintiff and other members of the Class. As described herein, during the

6  Class Period, defendants made or caused to be made a series of materially false or misleading

7  statements about Motricity's business, prospects and operations. These material misstatements

8  and omissions had the cause and effect of creating in the market an unrealistically positive

9  assessment of Motricity and its business, prospects and operations, thus causing the Company's

10 common stock to be overvalued and artificially inflated at all relevant times. Defendants'

11 materially false and misleading statements during the Class Period resulted in plaintiff and other

12 members of the Class purchasing the Company's common stock at artificially inflated prices,

13 thus causing the damages complained of herein.

14      60.    As a result of defendants' false statements, Motricity's stock traded at inflated

15 levels during the Class Period. However, after the above revelations seeped into the market, the

16 Company's shares were hammered by massive sales, sending them down over 92% from their

17 Class Period high.

18        **VII.   ADDITIONAL SCIENTER ALLEGATIONS**

19      61.    As alleged herein, Motricity and the Individual Defendants acted with scienter in

20 that they knew that the public documents and statements issued or disseminated in the name of

21 the Company were materially false and misleading; knew that such statements or documents

22 would be issued or disseminated to the investing public; and knowingly and substantially

23 participated or acquiesced in the issuance or dissemination of such statements or documents as

24 primary violations of the federal securities laws. As set forth elsewhere herein in detail, these

25 defendants, by virtue of their receipt of information reflecting the true facts regarding Motricity,

26 their control over, and/or receipt and/or modification of Motricity's allegedly materially

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 15
Case No.



010261-11 466027 V1

misleading statements and/or their associations with the Company which made them privy to
confidential proprietary information concerning Motricity, participated in the fraudulent scheme
alleged herein.

## VIII.   LOSS CAUSATION/ECONOMIC LOSS

62.    During the Class Period, as detailed herein, the defendants made false and
misleading statements and engaged in a scheme to deceive the market and a course of conduct
that artificially inflated the price of Motricity common stock and operated as a fraud or deceit on
Class Period purchasers of Motricity common stock by misrepresenting the Company's business
and prospects.  Later, when the defendants' prior misrepresentations and fraudulent conduct
became apparent to the market, the price of Motricity common stock fell precipitously, as the
prior artificial inflation came out of the price over time.  As a result of their purchases of
Motricity common stock during the Class Period, plaintiff and other members of the Class
suffered economic loss, *i.e.*, damages, under the federal securities laws.

## IX.    NO SAFE HARBOR

63.    Motricity's "Safe Harbor" warnings accompanying its reportedly forward-looking
statements ("FLS") issued during the Class Period were ineffective to shield those statements
from liability.  To the extent that projected revenues and earnings were included in the
Company's financial reports prepared in accordance with GAAP, including those filed with the
SEC on Form 8 K, they are excluded from the protection of the statutory Safe Harbor.  15 U.S.C.
§ 78u-5(b)(2)(A).

64.    The defendants are also liable for any false or misleading FLS pleaded because, at
the time each FLS was made, the speaker knew the FLS was false or misleading and the FLS
was authorized and/or approved by an executive officer of Motricity who knew that the FLS was
false.  None of the historic or present tense statements made by defendants were assumptions
underlying or relating to any plan, projection or statement of future economic performance, as
they were not stated to be such assumptions underlying or relating to any projection or statement

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 16
Case No.



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010261-11  466027 V1

of future economic performance when made, nor were any of the projections or forecasts made by defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## X.    CLASS ACTION ALLEGATIONS

65.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all those who purchased or otherwise acquired shares of Motricity common stock during the Class Period and/or pursuant or traceable to the Company's false and misleading Registration Statement for its IPO (the "Class"), and who were damaged thereby. Excluded from the Class are defendants and their families, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

66.    The members of the Class are so numerous that joinder of all members is impracticable. Motricity stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Motricity or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions. Motricity has more than 46.3 million shares of stock outstanding.

67.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

68.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 17
Case No.



010261-11  466027 V1

69.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether the 1933 Act and 1934 Act was violated by defendants' acts as alleged herein;

(b)     whether statements made by defendants to the investing public during the Class Period and in the Registration Statement misrepresented material facts about the business, operations and management of Motricity; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

70.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## XI.     APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

71.     At all relevant times, the market for Motricity's common stock was an efficient market for the following reasons, among others:

(a)     Motricity common stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     as a regulated issuer, Motricity filed periodic public reports with the SEC and the NASDAQ;

(c)     Motricity regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 18
Case No.



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

on the national circuits of major newswire services and through other wide-ranging public

disclosures, such as communications with the financial press and other similar reporting services;

and

        (d)     Motricity was followed by several securities analysts employed by major

brokerage firms who wrote reports which were distributed to the sales force and certain

customers of their respective brokerage firms. Each of these reports was publicly available and

entered the public marketplace.

        72.     As a result of the foregoing, the market for Motricity common stock promptly

digested current information regarding Motricity from all publicly available sources and

reflected such information in the prices of the stock. Under these circumstances, all purchasers

of Motricity common stock during the Class Period suffered similar injury through their

purchase of Motricity common stock at artificially inflated prices and a presumption of reliance

applies.

**COUNT I**

**For Violation of § 10(B) of the 1934 Act and Rule 10B-5**
**Against Motricity and the Officer Defendants**

        73.     Plaintiff incorporates ¶¶ 1-72 by reference.

        74.     During the Class Period, Motricity and the Officer Defendants disseminated or

approved the false statements specified above, which they knew or deliberately disregarded were

misleading in that they contained misrepresentations and failed to disclose material facts

necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading.

        75.     Motricity and the Officer Defendants violated § 10(b) of the 1934 Act and

Rule 10b-5 in that they:

        (a)     employed devices, schemes and artifices to defraud;

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 19
Case No.

010261-11 466027 V1



1    (b)    made untrue statements of material facts or omitted to state material facts
2    necessary in order to make the statements made, in light of the circumstances under which they
3    were made, not misleading; or

4    (c)    engaged in acts, practices and a course of business that operated as a fraud
5    or deceit upon plaintiff and others similarly situated in connection with their purchases of
6    Motricity common stock during the Class Period.

7    76.    Plaintiff and the Class have suffered damages in that, in reliance on the integrity
8    of the market, they paid artificially inflated prices for Motricity common stock. Plaintiff and the
9    Class would not have purchased Motricity common stock at the prices they paid, or at all, if they
10   had been aware that the market price had been artificially and falsely inflated by Motricity's and
11   the Officer Defendants' misleading statements.

## COUNT II

### For Violation of § 20(A) of the 1934 Act
### Against All Defendants

77.    Plaintiff incorporates ¶¶1-76 by reference.

78.    Motricity and the Officer Defendants acted as controlling persons of Motricity
within the meaning of § 20(a) of the 1934 Act. By reason of their positions with the Company,
and their ownership of Motricity stock, the Officer Defendants had the power and authority to
cause Motricity to engage in the wrongful conduct complained of herein. Motricity controlled
the Officer Defendants and all of its employees. By reason of such conduct, defendants are
liable pursuant to § 20(a) of the 1934 Act.

## COUNT III

### For Violation of § 11 of the 1933 Act
### Against All Defendants

79.    Plaintiff incorporates ¶¶ 1-37, 39-45, 52-55 and 63-70 by reference.

80.    This Count is brought pursuant to § 11 of the 1933 Act, 15 U.S.C. § 77k, on
behalf of the Class, against all defendants.

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 20
Case No.



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

81. This Count does not sound in fraud. All of the preceding allegations of fraud or fraudulent conduct and/or motive are specifically excluded from this Count. Plaintiff does not allege that the Officer Defendants, Director Defendants or the Underwriter Defendants had scienter or fraudulent intent, which are not elements of a § 11 claim.

82. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary in order to make the statements made not misleading, and omitted to state material facts required to be stated therein.

83. Motricity is the registrant for the IPO. The defendants named herein were responsible for the contents and dissemination of the Registration Statement.

84. As issuer of the shares, Motricity is strictly liable to plaintiff and the Class for any misstatements and omissions.

85. None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

86. By reason of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, § 11 of the 1933 Act.

87. Plaintiff acquired Motricity shares pursuant and/or traceable to the Registration Statement for the IPO.

88. Plaintiff and the Class have sustained damages. The value of Motricity common stock has declined substantially subsequent to and due to defendants' violations.

89. At the time of their purchases of Motricity shares, plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to August 9, 2011. Less than one year has elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that plaintiff filed this complaint. Less than

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS - 21
Case No.



1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

three years elapsed between the time that the securities upon which this Count is brought were offered to the public and the time plaintiff filed this complaint.

**COUNT IV**

**For Violation of § 15 of the 1933 Act**
**Against All Defendants**

90.     Plaintiff repeats and realleges ¶¶ 1-37, 39-45, 52-55, 63-70 and 79-89, by reference.

91.     This Count is brought pursuant to § 15 of the 1933 Act against Motricity, the Officer Defendants and the Director Defendants.

92.     The Officer Defendants and the Director Defendants each were control persons of Motricity by virtue of their positions as a director and/or senior officer of Motricity. The Officer Defendants and the Director Defendants each had a series of direct and/or indirect business and/or personal relationships with other directors and/or officers and/or major shareholders of Motricity. Motricity controlled the Officer Defendants, the Director Defendants and all of Motricity's employees.

93.     Defendants each were culpable participants in the violations of § 11 of the 1933 Act alleged in the Count above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the Offering to be successfully completed.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief and judgment, as follows:

A.     Declaring this action to be a proper class action pursuant to Fed. R. Civ. P. 23;

B.     Awarding plaintiff and the members of the Class damages and interest;

C.     Awarding plaintiff's reasonable costs, including attorneys' fees;

D.     Awarding rescission or a rescissory measure of damages; and

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 22
Case No.



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010261-11  466027 V1

1    E.    Awarding such equitable/injunctive or other relief as the Court may deem just and

2    proper.

3                                **JURY DEMAND**

4         Plaintiff hereby demands a trial by jury.

5    DATED:  August 12, 2011                    Steve W. Berman, WSBA #12536
                                                Karl P. Barth, WSBA #22780
6                                               HAGENS BERMAN SOBOL
                                                   SHAPIRO LLP
7

8                                               By s/ STEVE W. BERMAN
                                                   Steve W. Berman
9                                               1918 8th Avenue, Suite 3300
                                                Seattle, WA  98101
10                                              Telephone:  (206) 623-7292
                                                Facsimile:  (206) 623-0594
11
                                                Darren J. Robbins
12                                              David C. Walton
                                                ROBBINS GELLER RUDMAN
13                                                 & DOWD LLP
                                                655 West Broadway, Suite 1900
14                                              San Diego, CA  92101
                                                Telephone:  (619) 231-1058
15                                              Facsimile:  (619) 231-7423

16                                              Frank A. Bottini
                                                CHAPIN FITZGERALD SULLIVAN &
17                                                 BOTTINI LLP
                                                550 West C Street, Suite 2000
18                                              San Diego, CA  92101
                                                Telephone:  (619) 241-4810
19                                              Facsimile:  (619) 955-5318

20                                              Attorneys for Plaintiff

21

22

23

24

25

26

CLASS ACTION COMPLAINT FOR VIOLATION
OF THE FEDERAL SECURITIES LAWS  - 23
Case No.



## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

JOE CALLAN ("Plaintiff") declares:

1.  Plaintiff has reviewed a complaint and authorized its filing.

2.  Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff has made the following transaction(s) during the Class Period in the securities that are the subject of this action:

**Acquisitions:**

| Date Acquired | Number of Shares Acquired | Acquisition Price Per Share |
|---|---|---|
| 01/13/11 | 100 shares | $19.98 |
| 02/08/11 | 55 shares | $18.23 |
| 02/22/11 | 65 shares | $16.67 |
| 02/23/11 | 65 shares | $15.60 |
| 03/10/11 | 80 shares | $12.45 |
| 04/14/11 | 100 shares | $13.249 |
| 05/04/11 | 200 shares | $10.88 |

5.  Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws within the three-year period prior to the date of this Certification except as detailed below:


6.  The Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

MOTRICITY

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10 day of AuG. , 2011.

_____
JOE CALLAN

MCCRETRY