THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE CALLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br>v.<br>MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, ALLYN P. HEBNER, JAMES N. RYAN, JR., JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES, INC. RBC CAPITAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC and PACIFIC CREST SECURITIES LLC,<br>                 Defendants. | **Case No. 2:11-cv-1340-TSZ**<br><br>NOTE ON MOTION CALENDAR: OCTOBER 28, 2011<br><br>WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL<br><br>ORAL ARGUMENT REQUESTED |

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos. 11-cv-1340-TSZ & 11-cv-1678

| | |
|---|---|
| MARK COUCH, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　　　　　　Plaintiffs,<br>　　　　v.<br>MOTRICITY, INC., RYAN K. WUERCH, ALLYN P. HEBNER, JAMES R. SMITH, JR., JAMES N. RYAN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, and SOHAIL QADRI,<br>　　　　　　　　　　Defendants. | **Case No. 2:11-cv-1678** |

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Wayne Browning ("Browning") and Nada Haralovich ("Haralovich") respectfully submit this Motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),[1] for an Order: (1) consolidating all actions filed in the Western District of Washington in the above-captioned class actions for all purposes, pursuant to FED. R. CIV. P. 42(a); (2) appointing Browning and Haralovich as Lead Plaintiffs for the Class of all persons who purchased or otherwise acquired the common stock of Motricity, Inc. ("Motricity" or the "Company") during the Class Period (as defined below), and/or who acquired shares of Motricity common stock pursuant or traceable to the Company's June 17, 2010 initial public offering; and (3) approving their selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel and Zwerling, Schachter & Zwerling, LLP ("Zwerling Schachter") as Liaison Counsel for the Class.  This Motion is also based upon the accompanying Declaration of Jeremy A. Lieberman ("Lieberman Decl.") and the exhibits attached thereto.

**PRELIMINARY STATEMENT**

At least two securities class actions[2] (the "Actions") have been filed in the Western District of Washington.  Each raise substantially similar allegations: that Defendants violated

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical.  For the purpose of convenience, all citations to these provisions herein will be to the Exchange Act.

[2] The Actions are entitled: *Callan v. Motricity, Inc., et al.*, 2:11-cv-1340-TSZ; and *Couch v. Motricity, Inc. et al.*, 2:11-cv-1678.

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act by issuing false and misleading financial statements.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Browning and Haralovich, with total losses of approximately $339,553 in connection with their purchases of Motricity shares, are adequate and typical to serve as lead plaintiffs.  Browning and Haralovich believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs in this action.  Browning and Haralovich have the largest financial interest in the relief sought in this action by virtue of their substantial investment in Motricity and the losses they suffered as a result of Defendants' misconduct.  Browning and Haralovich further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other Class members.  Accordingly, Browning and Haralovich respectfully submit that they should be appointed Lead Plaintiffs.

**FACTUAL BACKGROUND**

These Actions are on behalf of all persons who purchased or otherwise acquired the common stock of Motricity between June 18, 2010 and August 9, 2011, inclusive (the "Class Period"), and/or who acquired shares of Motricity common stock pursuant or traceable to the Company's false and misleading Registration Statement and Prospectus issued in connection with its June 17, 2010 initial public offering ("IPO"), seeking to pursue remedies under the Securities Act and the Exchange Act.

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

2

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

During the Class Period, Defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Specifically, Defendants failed to disclose negative trends in Motricity's business, including with Motricity's most important customer. Additionally, Defendants represented that the Company would continue to prosper despite the increasing popularity of smartphones, which provide Internet access without Motricity's services. In April 2011, the Company acquired Adenyo, a mobile marketing, advertising and analytics solutions provider with operations in the United States, Canada and France.

On June 18, 2010, Motricity announced the pricing of its IPO of six million shares of common stock at $10 per share, with an overallotment option granted to the underwriters to purchase up to an additional $750,000 shares, for net proceeds of $51.4 million.

On May 3, 2011, Motricity announced its first quarter 2011 financial results where it reported a net loss of $6.1 million, or $0.15 diluted earnings per share ("EPS"), which including the Adenyo acquisition, and revenue of $32.2 million. On this news, Motricity's stock declined $1.82 per share or 14%, to close at $10.99 on May 4, 2011.

On August 9, 2011, Motricity announced its second quarter 2011 financial results, reporting a net loss of $4.2 million, or $0.09 diluted EPS, including the expenses of the Adenyo acquisition, and revenue of $34.6 million. The results came in below analysts' expectations, as well as the previously announced guidance of the Company. The Company disclosed that the shortfall was due "to increased competition in the international market which impacted our ability to close new deals, and a later than expected closing of the Adenyo transaction." As a result of this news, Motricity's stock fell $2.69 or 59%, to close at $1.86 on August 10, 2011.

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

3

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's business was being adversely affected the rapid adoption of smartphones by consumers such that a smaller portion of the market required Motricity's services; (2) the Company's largest customers were not increasing their demand for Motricity's services to the extent previously represented; and (3) the Company's business was not growing as fast as represented, particularly in the domestic market.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a). Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same evidence. *See* MANUAL FOR COMPLEX LITIGATION § 11.631 (2004). Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] has been filed…." 15 U.S.C. §78u-4(a)(30(B)(ii).

Here, the Actions allege claims under Sections 11 and 15 of the Securities Act and Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all

---

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

4

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

relate to, among other things, allegations that the Company's business was being adversely affected by a rapid adoption of smartphones by consumers such that a smaller portion of the market needed Motricity's services. Accordingly, consolidation of the Actions is appropriate. *Armbruster v. Cellcyte Genetics Corp.*, No. C08-0047-RSL, 2008 Wl 1939903, at *1 (W.D. Wash. Apr. 28, 2008) (consolidating three actions that alleged federal securities law violations because it will promote efficiency, conserve judicial resources, and foster uniform decision-making while avoiding inconsistent results).

## II. BROWNING AND HARALOVICH SHOULD BE APPOINTED LEAD PLAINTIFFS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See also In re Cavanaugh*, 306 F. 3d 726, 729-30 (9th Cir. 2002).

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

As set forth below, Browning and Haralovich satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs to lead the Class and, therefore, should be appointed Lead Plaintiffs.

### A. Browning and Haralovich Are Willing to Serve as Lead Plaintiffs

On August 12, 2011, counsel in the *Callan* action caused a notice ("Notice") to be published over *Business Wire*, a national business-oriented wire service, pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the Defendants herein, and advised putative class members that they had until October 11, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. A.

Browning and Haralovich have filed the instant motion pursuant to the Notice and have attached Certifications attesting that they are willing to serve as representatives for the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, Browning and Haralovich satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. Browning and Haralovich Have The "Largest Financial Interest" in the Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004).

Browning and Haralovich believe that they have the largest financial interest of any of the movants with regard to the relief sought by the Class. Browning purchased (1) 15,000 shares of Motricity stock; (2) expended $296,490 for his purchases of Motricity stock; (3)

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos. 11-cv-1340-TSZ & 11-cv-1678

retained 5,000 of his Motricity shares at the end of the Class Period; and (4) suffered a loss of $232,780.  Haralovich purchased (1) 11,000 shares of Motricity stock; (2) expended $129,813 for her purchases of Motricity stock; (3) retained all of her Motricity shares; and (4) suffered a loss of $106,773.  In total, Browning and Haralovich have losses of $339,553.  Because Browning and Haralovich possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs.  *See* Lieberman Decl., Ex. C.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. Browning and Haralovich Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a preliminary showing that the movant satisfies the requirements of Rule 23 is sufficient. *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999).

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

7

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

1  Moreover, "typicality and adequacy of representation are the only provisions relevant to a
2  determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*,
3  182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D.
4  Tex. 1997)); *see also Schonfield v. Dendreon Corp.*, No. C07-800 MJP, 2007 WL 2916533, at
5  *4 (W.D. Wash. Oct. 4, 2007) (inquiring at lead plaintiff stage should focus solely on typicality
6  and adequacy).

7  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical
8  of those of the class.  The typicality requirement is satisfied when the "applicant's claims arise
9  from the same event or course of conduct which gave rise to the claims of the class members,
10 and are founded on the same legal theory." *Schonfield*, 2007 WL 2916533, at *4.  Typicality
11 does not require that there be no factual differences between the class representatives and the
12 class members because it is generalized nature of the claims asserted which determines whether
13 the class representatives are typical.

14 Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect
15 the interests of the class." "[I]t must be demonstrated that: (1) the proposed lead plaintiff's
16 interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead
17 plaintiff's counsel are qualified, experienced and generally able to conduct the litigation."
18 *Schonfield,* 2007 WL 2916533, at *4.

19 Browning and Haralovich fulfill all of the requirements of Rule 23.  Browning and
20 Haralovich share substantially similar questions of law and fact with the members of the Class,
21 and their claims are typical of the members of the Class.  Browning and Haralovich, as did all of
22 the members of the Class, purchased Motricity common shares during the Class Period at prices

23
24 WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

8

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.:  (206) 223-2053
Fax:  (206) 343-9636

25 Case Nos.  11-cv-1340-TSZ & 11-cv-1678

artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Browning and Haralovich and other Class members, as well as the strong desire of the proposed Lead Plaintiffs to prosecute this action on behalf of the Class, provide ample reasons to grant the motion by Browning and Haralovich to serve as Lead Plaintiffs of the Class.

### D.  Browning and Haralovich Would Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Browning and Haralovich as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiffs:

(aa)  will not fairly and adequately protect the interest of the class; or
(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Browning's and Haralovich's ability and desire to fairly and adequately represent the Class have been discussed above. Browning and Haralovich are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Browning and Haralovich should be appointed Lead Plaintiffs for the Class.

### III.  LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

9

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos.  11-cv-1340-TSZ & 11-cv-1678

at 734-35. As such, this Court should not interfere with Lead Plaintiffs' selection unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Browning and Haralovich have selected Pomerantz as Lead Counsel and Zwerling Schachter as Liaison Counsel. Pomerantz and Zwerling Schachter are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. See Lieberman Decl., Exs. D and E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Browning and Haralovich's counsel have the skill and knowledge to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Browning and Haralovich's selection of Lead and Liaison Counsel, the members of the Class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Browning and Haralovich respectfully request that the Court: (a) consolidate the Actions; (b) appoint Browning and Haralovich as Lead Plaintiffs for the

---

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

10

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos. 11-cv-1340-TSZ & 11-cv-1678

1  Class; and (c) approve Browning and Haralovich's selection of Pomerantz as Lead Counsel for

2  the Class and Zwerling Schachter as Liaison Counsel for the Class.

4  Dated: October 11, 2011

Respectfully submitted,
**ZWERLING, SCHACHTER**
 **& ZWERLING, LLP**

/s/ Dan Drachler
 Dan Drachler (WSBA #27728)
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9636

*Proposed Liaison Counsel for the Class*

**POMERANTZ HAUDEK**
 **GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

-and-

Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:    (312) 377-1181
Facsimile:    (312) 377-1184

*Counsel for Wayne Browning and Nada Haralovich and [Proposed] Lead Counsel*

---

WAYNE BROWNING AND NADA HARALOVICH'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD AND LIAISON COUNSEL

11

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636

Case Nos. 11-cv-1340-TSZ & 11-cv-1678