The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOE CALLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC and PACIFIC CREST SECURITIES LLC,<br><br>Defendants. | No. 2:11-cv-01340 TSZ<br><br>**CLASS ACTION**<br><br>**MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>NOTE ON MOTION CALENDAR: October 28, 2011<br><br>ORAL ARGUMENT REQUESTED |
| MARK COUCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, | No. 2:11-cv-01678 TSZ |

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  HUNTER C. GARY, BRETT ICAHN, LADY
    BARBARA JUDGE, SUZANNE H. KING,
2  BRIAN V. TURNER, J.P. MORGAN
    SECURITIES INC., GOLDMAN, SACHS &
3  CO., DEUTSCHE BANK SECURITIES INC.,
    RBC CAPITAL MARKETS CORPORATION,
4  ROBERT W. BAIRD & CO.
    INCORPORATED, NEEDHAM &
5  COMPANY, LLC and PACIFIC CREST
    SECURITIES LLC,
6
7                     Defendants.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**
(No. 2:11-cv-01340 TSZ)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

III. SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS ..................... 2

IV. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ......................... 3

V. THE LYONS FAMILY SHOULD BE APPOINTED AS LEAD PLAINTIFF ............................................................................................................. 4

    A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA ........................................................................................................ 4

    B. The Notice Requirements Under The PSLRA Have Been Satisfied ..................... 6

    C. The Lyons Family Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................. 6

    D. The Lyons Family Has Satisfied The Other Requirements Of The PSLRA ........................................................................................................ 6

    E. The Court Should Approve The Lyons Family's Selection Of Counsel ..................................................................................................... 8

VI. CONCLUSION ..................................................................................................... 9

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I.   INTRODUCTION

Class Members Dan Lyons, JoAnne Lyons, Joseph Lyons and James Lyons (the "Lyons Family") respectfully move this Court for an order: (1) consolidating the above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Lyons Family as Lead Plaintiff in this action pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "1933 Act") and Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B)[1]; and (3) approving the Lyons Family's selection of Izard Nobel LLP ("Izard Nobel") to serve as Lead Counsel and Keller Rohrback L.L.P. ("Keller Rohrback") as Liaison Counsel.[2]

This motion is made on the grounds that the Lyons Family is the "most adequate plaintiff" pursuant to Section 21D(a)(3)(B) of the 1934 Act and Section 27(a)(3)(B) of the 1933 Act. Moreover, the Lyons Family meets the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion in that their claims are typical of the other Class Members' claims and the Lyons Family will fairly and adequately represent the Class. In support of this Motion, the Lyons Family submits herewith a Memorandum of Points and Authorities and the Declaration of Elizabeth A. Leland.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are two class action lawsuits brought on behalf of purchasers of Motricity, Inc. ("Motricity" or the "Company") securities between June 18, 2010 and August 9, 2011, inclusive (the "Class Period"), and/or who acquired shares of Motricity

---

[1] Because the lead plaintiff provisions of the 1934 Act and 1933 Act, as amended by the PSLRA, are identical, *see* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4, to avoid duplication, movant generally cites only to the lead plaintiff provisions of the 1934 Act.

[2] The Lyons Family consists of a father, Dan Lyons, and his three children JoAnne Lyons, Joseph Lyons and James Lyons.

**MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**
(No. 2:11-cv-01340 TSZ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

common stock pursuant or traceable to the Company's Registration Statement and Prospectus issued in connection with its June 17, 2010 initial public offering ("IPO").[3]

Here, the Lyons Family should be appointed as lead plaintiff because: (1) their motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (2) the Lyons Family is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because they have the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meet the requirements of Fed. R. Civ. P. 23(a).[4]  Finally, the Lyons Family's selection of Izard Nobel as Lead Counsel and Keller Rohrback as Liaison Counsel should be approved, as Izard Nobel LLP and Keller Rohrback have substantial experience prosecuting securities class action litigation.

### III.   SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a class action for violations of the federal securities laws on behalf of all purchasers of Motricity, Inc. ("Motricity" or the "Company") securities between June 18, 2010 and August 9, 2011, and/or all who acquired shares of Motricity common stock pursuant or traceable to the Company's Registration Statement and Prospectus issued in connection with its June 17, 2010 initial public offering ("IPO"), who were damaged thereby.

Plaintiffs allege, *inter alia*, in their class action Complaints, that Motricity, a company that provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore,

---

[3] The other related securities class action pending in this District is *Couch v. Motricity, Inc., et al.,* 2:11-cv-01678(TSZ).  There are also two related derivative actions pending in this District: *Weddle v. Motricity, Inc., et al.,* C11-1520(TSZ) and *Makda v. Motricity, Inc., et al.,* C11-1597(TSZ). The *Weddle* and *Makda* actions are not included in this motion to consolidate.

[4] Although Plaintiff Mark Couch submitted a Certification of Named Plaintiff indicating that "Plaintiff's total net purchases during the Class Period equal $478,625" (*see Couch v. Motricity, Inc., et al.,*  2:11-cv-01678 [Dkt #2]), the Certification does not set "forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint," in violation of 15 U.S.C. §§ 78u-4(a)(2)(A)(iv).  As a result, there is no way for the Court to calculate Couch's financial interest under the PSLRA.

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder and
2  violated Sections 11 and 15 of the 1933 Act.

3   The Complaints allege that during the Class Period, defendants issued materially false
4  and misleading statements regarding the Company's business prospects and financial results.
5  Specifically, defendants issued a Registration Statement in connection with the IPO which was
6  inaccurate and contained untrue statements of material fact which emphasized the growth
7  potential of Motricity's market. Additionally, defendants failed to disclose negative trends in
8  Motricity's business, including with Motricity's most important customers, and represented that
9  the Company would continue to prosper despite the increasing popularity of smartphones, which
10 provide Internet access without Motricity's services. As a result of defendants' false statements,
11 Motricity stock traded at artificially inflated prices during the Class Period, reaching a high of
12 $30.74 per share on November 9, 2010.

13  On May 3, 2011, Motricity issued a press release announcing its first quarter 2011
14 financial results. The Company reported a net loss of $6.1 million, or $0.15 diluted earnings per
15 share, on revenue of $32.2 million. In response to this announcement of a net loss for the quarter,
16 Motricity's common stock dropped $1.82 per share, or approximately 14%, to close at $10.99
17 per share on May 4, 2011. Then, on August 9, 2011, Motricity issued its second quarter 2011
18 financial results, reporting a net loss of $4.3 million, or $0.09 diluted earnings per share and
19 revenue of $34.6 million. This result fell well short of the Company's own publicly stated
20 expectations, as well as Wall Street's forecast. As a result of this news, Motricity's stock price
21 fell, opening at $2.26 per share on August 10, 2011, a decline of 50% on heavy trading volume.

22  **IV.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

23  Consolidation of the securities class actions is appropriate where, as here, the actions
24 involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* Fed.

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED
ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

R. Civ. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws.  Section 21(a)(3)(B)(iii) of the 1934 Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related actions pending in this District on behalf of Mortricity securities purchasers, *Callan v. Motricity, Inc., et al.,* 2:11-cv-01340, and *Couch v. Motricity, Inc., et al.,* 2:11-cv-01678, are suited for consolidation.  The class action complaints contain virtually identical factual and legal issues as they all arise out of the same events and alleged conduct concerning defendants' material misrepresentations in violation of the 1933 Act and the 1934 Act.  While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation may help to avoid unnecessary costs and delay and can be ordered even if there are some minor differences in the operative facts alleged in the separate lawsuits. *See Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *1 (W.D. Wash., Oct. 4, 2007).  Courts have also recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same facts and or subject matter and the same discovery will be relevant in all actions.  *See Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *2 (N.D. Cal. Aug. 19, 2002).  These actions should therefore be consolidated.

## V. THE LYONS FAMILY SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1933 Act and the 1934 Act that is brought as a plaintiff class

---

[5] *See* Fed. R. Civ. P. 42(a): "Consolidation.  If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (1) pendency of the action; (2) claims asserted therein; (3) purported class; and (4) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(I). The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Sabbagh v. Cell Therapeutics, Inc.,* 2010 WL 3064427 at *3, (W.D. Wash., Aug. 2, 2010).

The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc*., No. C 07-1501, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

**MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**
(No. 2:11-cv-01340 TSZ) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### B. The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied. On August 12, 2011 Robbins, Geller, Rudman & Dowd LLP caused a notice to be published on *Business Wire* that advised purchasers of Motricity common stock purchased during the Class Period and/or purchasers of Motricity acquired pursuant or traceable to the Company's Registration Statement and Prospectus issued in connection with its June 17, 2010 IPO of (1) the pendency of a securities class action against defendants; (2) the claims asserted on behalf of the Class; and (3) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by October 11, 2011) (the "Notice"). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 665 (C.D. Cal. 2005).[6]

### C. The Lyons Family Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certifications of Named Plaintiff submitted by the members of the Lyons Family (Leland Declaration, Exhibit A), the Lyons Family purchased 30,383 shares of Motricity common stock during the Class Period at purchase prices totaling approximately $493,785, and sustained estimated losses of approximately $279,715. The Lyons Family knows of no other Class Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this litigation.[7]  Based on their significant losses, the Lyons Family has "the largest financial interest in the relief sought" by the Class.

### D. The Lyons Family Has Satisfied The Other Requirements Of The PSLRA

The Lyons Family has satisfied each of the other requirements of the PSLRA. First, each member of the Lyons Family has signed a certification, under oath, which:

(i)   states that he or she has reviewed the Complaint;

(ii)  states that he or she did not purchase Motricity securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

---

[6] A copy of the Notice is attached as Exhibit B to the Leland Declaration.
[7] See footnote 2 above.

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(iii) states that he or she is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of his or her transactions in the securities of Motricity;

(v) states that he or she has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(vi) states that he or she will not accept any payment for serving as a representative party on behalf of the class beyond his or her pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, No. C 06-0634, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007).

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (1) the claims of the proposed lead plaintiff are typical of the claims of the class; and (2) the proposed lead plaintiff will fairly and adequately protect the interests of the class. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999); *In re Century Aluminum Company Secs. Litig.,* No. C 09-1001, 2009 WL 2905962 (N.D. Cal. Sept 8, 2009).[8]

The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct. *Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001). The "adequacy" requirement of Rule 23(a)(4) is satisfied when no conflicts exist between the proposed lead plaintiff and the

---

[8] Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

**MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**
(No. 2:11-cv-01340 TSZ) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced. *Straton v. Boeing Co.*, 327 F.R.D. 938, 957 (9th Cir. 2003). Here, the Lyons Family's claims are typical of those claims belonging to all Class Members. Like all Class Members, the Lyons Family maintains that it suffered losses due to defendants' materially false statements in violation of the federal securities laws. Further, the Lyons Family's interests are clearly aligned with those of the Class, and there is no evidence of any antagonism between their interests and those of the Class. The Lyons Family has also demonstrated that it will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting Certifications of Named Plaintiff to the Court indicating that they are willing to assume the responsibilities of lead plaintiffs and class representatives. Accordingly, the Lyons Family has shown that their claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that they will fairly and adequately represent the interests of the Class under Rule 23(a)(4). *See Tanne*, 226 F.R.D. at 667-668.

### E. The Court Should Approve The Lyons Family's Selection Of Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." See Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve the Lyons Family's selection of Izard Nobel as Lead Counsel and Keller Rohrback as Liaison Counsel. As detailed in their firm resumes (Leland Declaration, Exhibits C and D), Izard Nobel and Keller Rohrback have extensive experience in the area of securities class action litigation. Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## VI.   CONCLUSION

For the foregoing reasons, the Lyons Family respectfully requests that this Court consolidate the related actions, appoint them to serve as Lead Plaintiffs on behalf of the Class and approve their selection of Izard Nobel as Lead Counsel and Keller Rohrback as Liaison Counsel.

Dated: October 11, 2011                           Respectfully submitted,

**KELLER ROHRBACK L.L.P.**

By: /s/Lynn L. Sarko
By: /s/Juli E. Farris
By: /s/Elizabeth A. Leland
    Lynn L. Sarko #16569
    Juli E. Farris, #17593
    Elizabeth A. Leland, #23433
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: lsarko@kellerrohrback.com
           jfarris@kellerrohrback.com
           bleland@kellerrohrback.com

*Proposed Liaison Counsel for The Lyons Family and the Class*

**IZARD NOBEL LLP**

Jeffrey S. Nobel
Mark P. Kindall
Nancy A. Kulesa
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
jnobel@izardnobel.com
mkindall@izardnobel.com
nkulesa@izardnobel.com

*Counsel for The Lyons Family and Proposed Lead Counsel for the Class*

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2011, I electronically filed the

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

with the Clerk o the Court using the CM/ECF system which will send notification of such filing to the email addresses registered, as denoted on the attached list, and I hereby certify that I have caused to be mailed the foregoing document or paper via the United States Postal Service to non CM/ECF participants on the list below:

Steve W. Berman    steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

Karl Phillip Barth    karlb@hbsslaw.com, dawn@hbsslaw.com, shelby@lmbllp.com, shelbys@hbsslaw.com

Brian O. O'Mara    bomara@rgrdlaw.com

Darren J. Robbins    e_file_sd@csgrr.com

David C. Walton    davew@rgrdlaw.com

Duncan Calvert Turner duncanturner@badgleymullins.com

Lynn Lincoln Sarko lsarko@kellerrohrback.com, cengle@kellerrohrback.com

Juli E. Farris jfarris@KellerRohrback.com

Elizabeth Ann Leland bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

s/ Elizabeth A. Leland
Elizabeth A. Leland, WSBA # 23433

MOTION OF THE LYONS FAMILY FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL
(No. 2:11-cv-01340 TSZ) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384