The Honorable Thomas S. Zilly

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

JOE CALLAN, Individually and on Behalf of
All Others Similarly Situated,

10

                                        Plaintiff,

11

          v.

12

MOTRICITY, INC., RYAN K. WUERCH,
JAMES R. SMITH, JR., ALLYN P. HEBNER,
JAMES N. RYAN, JEFFREY A. BOWDEN,
HUNTER C. GARY, BRETT ICAHN, LADY
BARBARA JUDGE, SUZANNE H. KING,
BRIAN V. TURNER, J.P. MORGAN
SECURITIES INC., GOLDMAN, SACHS &
CO., CAPITAL MARKETS CORPORATION,
ROBERT W. BAIRD & CO.
INCORPORATED, NEEDHAM &
COMPANY, LLC and PACIFIC CREST
SECURITIES LLC,

13

14

15

16

17

18

                                        Defendants.

19

MARK COUCH, Individually and on Behalf of
All Others Similarly Situated,

20

                                        Plaintiff,

21

          v.

22

MOTRICITY, INC., RYAN K. WUERCH,
ALLYN P. HEBNER, JAMES R. SMITH, JR.,
JAMES N. RYAN, HUNTER C. GARY,
BRETT ICAHN, LADY BARBARA JUDGE,
SUZANNE H. KING, BRIAN V. TURNER,
and SOHAIL QADRI,

23

24

25

                                        Defendants.

26

No. 2:11-cv-01340-TSZ

MOTION TO CONSOLIDATE
RELATED ACTIONS, TO APPOINT
MOTRICITY SECURITIES INVESTORS
GROUP AS LEAD PLAINTIFF AND TO
APPROVE SELECTION OF LEAD
COUNSEL

CLASS ACTION

NOTED FOR:  October 28, 2011

ORAL ARGUMENT REQUESTED

No. 2:11-cv-01678

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

## I.      INTRODUCTORY STATEMENT

Lead Plaintiff Movants Fadi Akkari, Daniel Velez, Richard Goldwater, and James Coleman (collectively "Motricity Securities Investors Group" or "MSIG") will, and hereby do, move this Court for an order:  (1) to consolidate various related securities class actions filed against Motricity, Inc. ("Motricity or the "Company")[1], various directors and officers of the Company, and various underwriters who performed services for the Company in relation to the Company's June 18, 2010 Initial Public Offering ("IPO"); (2)   appointing them as Lead Plaintiff in the above-captioned actions pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) approving their selection of Kahn Swick & Foti LLC ("KSF") as Lead Counsel and Breskin Johnson & Townsend PLLC as liaison counsel pursuant to the PSLRA.

Motricity Securities Investors Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action.  As described in the Certifications and Loss Charts attached to the Declaration of Roger M. Townsend in Support of the Motion of Motricity Securities Investors Group to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Townsend Decl.") at Ex. A and Ex. B, MSIG has suffered substantial losses as a result of their purchases of securities of Motricity between June 18, 2010 and August 9, 2011 inclusive (the "Class Period"). To the best of their knowledge, MSIG have sustained the largest losses of any investor seeking to be appointed Lead Plaintiff.

---

[1] To date, Movants are aware of two related class actions that have been filed against Motricity, its officers and directors, and/or its underwriters: *Callan v. Motricity, Inc.*, 2:11-cv-01340-TSZ (filed August 12, 2011) and *Couch v. Motricity, Inc.*, 2:11-cv-01678 (filed October 7, 2011).

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1

In addition to evidencing the largest financial interest in the outcome of this litigation, Motricity Securities Investors Group's Certifications demonstrate their intent to serve as Lead Plaintiff in this matter, including their cognizance of the duties of serving in that role.  *See* Townsend Decl. at Ex. A.  Moreover, MSIG satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiff."

Accordingly, Motricity Securities Investors Group respectfully submit this motion pursuant to 15 U.S.C. §§ 77z-1(a)(3) and 78u-4(a)(3)(B), as amended by the PSLRA, for an order:  (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Motricity Securities Investors Group as Lead Plaintiff in this action; and (3) approving their selection of the law firm of KSF as Lead Counsel for the Class.

## II.      STATEMENT OF FACTS[2]

This action was brought on behalf of all persons who purchased or otherwise acquired Motricity securities during the Class Period.  The Complaints allege violations of §§11 and 15 of the Securities Act, §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and Washington State Securities Act R.C.W. 21.20, *et seq*.

Motricity is a company that provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands and Singapore.  It provides a suite of hosted, manages service offerings including mobile Web portal, storefront, messaging, and billing support and settlement, which enable

---

[2]      This Statement of Facts is based on the facts alleged in the first Complaint filed in this case, *Callan v. Motricity Inc.*, 11-cv-1340 (filed August 12, 2011).

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

wireless carriers to deliver customized carrier-branded mobile data services to their wireless subscribers.

On June 18, 2010, the inception of the Class Period, Motricity announced the pricing of its Initial Public Offering ("IPO") of 6 million shares at $10 per share, including a special 1 million share allotment for entities related to Carl C. Icahn and options for underwriters to purchase an additional 750,000 shares. The prospectus for the IPO repeatedly made statements emphasizing the growth potential of Motricity's market, citing:

-       estimated growth in the mobile data services market from $40 billion in 2009 to $48 billion in 2013, domestically, and from $195 billion to $253 billion worldwide.

-       expansion of Motricity's business operations into Southeast Asia, India and Latin America.

Additionally, throughout the remainder of the Class Period, the Company's financial reports and press releases reported positive financial operations and/or optimistic future growth estimates, including:

- On August 3, 2010, the Company issued a press release announcing its financial results for 2Q:2010, reporting a 5% increase in revenue for the quarter, and predicting continued growth through worldwide expansion and renewed partnerships;

- On November 2, 2010, the Company issued a press release announcing its financial results for 3Q:2010, reporting a 35% year-over-year revenue increase to $37.9 million, and predicting continued growth through the launch of new products and opportunities in international markets;

- On February 8, 2011, the Company issued a press release announcing its 4Q:2010 and FY:2010 financial results, reporting revenue of $36 million for the fourth quarter and $133.4 million for the fiscal year, and predicting continued growth resulting from new acquisitions and global expansion;

- On May 3, 2011, the Company issued a press release announcing its 1Q:2011 financial results, reporting a net loss of $6.1 million and revenue of $32.2 million, and predicting substantial international growth.

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

These statements were materially untrue and misleading at the time they were made because the Company's growth in 2010 was temporary and its long-term outlook was suffering from a number of adverse influences including:

- a faster than expected adoption of smartphones by consumers;

- smaller-than-represented increase in demand for Motricity's services by Motricity's largest customers;

- a slower-than-represented-growth in Motricity's business.

On August 9, 2011, the last day of the Class Period, the Company issues its 2Q:2011 financial results, reporting a net loss of $4.3 million and revenue of $34.6 million.  The company elaborated that the poor results were due to obstacles in the North America carrier business and increased competition in the international market.  These results fell far short of expectations and, as a result of this news, Motricity's stock plummeted, opening at $2.26 per share on August 10, 2011, a decline of 50% on extremely heavy trading.  During the class period, the Company materially misled the investing public regarding its financial outlook, thereby inflating the value of the stock.  The material misstatements resulted in Motricity Securities Investors Group and other members of the Class purchasing Motricity stock for inflated values, thus causing damages to MSIG and the Class when the truth was revealed and the price of the stock plummeted in value.

### III.    ARGUMENT

#### A.    The Two Related Cases Should Be Consolidated

"[I]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff.  *See, e.g.*, 15 U.S.C. §§ 77z-1(a)(3)(B)(ii) and 78u-

---

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

4

4(a)(3)(B)(ii); *see also Sabbagh v. Cell Therapeutics, Inc., et al.*, No. 10 Civ. 414, 2010 U.S. Dist. LEXIS 93614, at **8-*9 (W.D. Wash. Aug. 2, 2010) (consolidating related actions prior to appointing lead plaintiff).  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Securities class actions are particularly well suited to consolidation because their unified treatment expedites pretrial proceedings, reduces case duplication and minimizes expenditure of time and money by the parties and the Court.  *See Id.; see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (S.D.N.Y 1998).

To date, two related securities class action cases against Motricity have been filed before this Court.  The pending actions are:

| Case | Number | Date Filed |
|------|--------|-----------|
| *Callan v. Motricity, Inc., et al.* | 2:11-cv-1340 | 08/12/2011 |
| *Couch v. Motricity, Inc., et al.* | 2:11-cv-1678 | 10/07/2011 |

Each of these cases are on behalf of purchasers of Motricity securities who purchased in reliance on the Defendants' materially false and misleading statements and/or omissions during the Class Period.   The two related cases name similar defendants and assert essentially similar and overlapping claims for alleged violations of federal and state securities laws and are based on a common set of facts.  Accordingly, the related actions are appropriate for and should be consolidated.

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

5

**B.     The Motricity Securities Investors Group Satisfies The Requirements Of The PSLRA And Should Be Appointed To Serve As The Lead Plaintiff**

The PSLRA establishes the procedure for appointing a Lead Plaintiff in each private action arising under federal securities laws that is brought as a plaintiff class action, pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(i) and 78u-4(a)(3)(B)(i); *see also In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as Lead Plaintiff.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i) and 78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire*[3] on August 12, 2011.  *See* Townsend Declaration at Ex. C.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(II) and 78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . .;

---

[3]     The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published '"in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND [PLLC]
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

6

| | |
|---|---|
| (bb) | in the determination of the court, has the largest financial interest in the relief sought by the class; and |
| (cc) | otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. |

*See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I).

> **1.    Motricity Securities Investors Group Has Complied With The Procedural Requirements Of The PSLRA And Filed A Timely Motion To Be Appointed As Lead Plaintiff**

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by October 11, 2011.  *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(II) and 78u-4(a)(3)(A)(II).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Motricity Securities Investors Group hereby moves this Court in a timely manner to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Motricity Securities Investors Group have duly signed and filed certifications stating that they have reviewed the allegations of the complaint and are willing to serve as a representative party on behalf of the class. *See* Townsend Decl., Ex. A.  In addition, MSIG has selected and retained experienced, competent counsel to represent them and the Class. *See* Townsend Decl., Ex. D.  The members of the Motricity Securities Investors Group are prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation with the benefit of counsel's advice.  They are sophisticated investors who understand their obligations as lead plaintiff and who intend to actively supervise their lawyers and direct the course of the litigation.

> **2.    Motricity Securities Investors Group has the largest financial interest in the relief sought by the Class**

During the Class Period, Motricity Securities Investors Group purchased their Motricity shares in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby.  MSIG suffered substantial losses, as detailed in the loss chart attached to the Townsend Declaration at Exhibit B, as a result of their transactions in securities of

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND <sup>PLLC</sup>
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

1   Motricity Securities. MSIG thus have the largest financial interest in the relief sought.

2   Therefore, Motricity Securities Investors Group satisfies all of the PSLRA's prerequisites for

3   appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to

4   15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B).

5          **3.**       **Motricity Securities Investors Group satisfies Rule 23**

6        In addition to possessing the largest financial interest in the outcome of the litigation, the

7   lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

8   Civil Procedure." *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(cc) and 78u-4(a)(3)(B)(iii)(I)(cc).

9   Rule 23(a) provides that a party may serve as a class representative only if the following four

10  requirements are satisfied: (1) the class is so numerous that joinder of all members is

11  impracticable; (2) there are questions of law or fact common to the class; (3) the claims or

12  defenses of the representative parties are typical of the claims or defenses of the class; and (4)

13  the representative parties will fairly and adequately protect the interests of the class.  Of these

14  four prerequisites, only two – typicality and adequacy – directly address the personal

15  characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion,

16  the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

17  examination of the remaining requirements until a class certification motion is filed. *See Doral*

18  *Bank Puerto Rico v. WAMU Asset Acceptance Corp.*, 2010 WL 1180359, 2 (W.D. Wash. 2010),

19  *see also In re: Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

20       Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical

21  of those of the class.  The typicality requirement of Rule 23(a)(3) is satisfied when the "'injury

22  allegedly suffered by the named plaintiffs and the rest of the class resulted from the same

23  allegedly' illegal practice." *See Doral 2010 WL at 2, quoting Dukes v. WalMart, Inc.*, 509 F.3d

24  11678, 1184 (9th Cir. 2007).  Typicality requires that the representative claims are reasonably

25

26

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

8

coextensive with those of absent class members, but they need not be substantially identical. *See Dukes*, 509 F.3d at 1184.

Motricity Securities Investors Group satisfies the typicality requirement of Rule 23 because, just like all other class members, they: (1) purchased Motricity securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, MSIG's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See Doral Bank*, 2010 WL 1180359 at 2; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Motricity Securities Investors Group is an adequate representative of the class because their interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between MSIG's interests and those of the other members of the class. In addition, as demonstrated below, MSIG's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Motricity Securities Investors Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

## C.   Motricity Securities Investors Group's Choice Of Lead Counsel Should Be Approved

Pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Motricity Securities Investors Group, as the presumptively most

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

adequate plaintiff, has selected Kahn Swick & Foti, LLC as lead counsel, subject to this Court's approval.  KSF is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions.  KSF possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  The firm's lawyers have been appointed as lead or co-lead counsel in numerous securities class actions, including *In re Virgin Mobile USA IPO Litig.*  (07-NJ-5619), *In re Nvidia Corp. Sec. Litig.* (08-CA-04260).  *See* Townsend Decl., Ex. D.  The Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

Because the Motricity Securities Investors Group satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action, MSIG respectfully requests that this Court enter an order, pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B) and 78u-4(a)(3)(B), to:  (1) consolidate the related cases; (2) appoint Motricity Securities Investors Group as Lead Plaintiff; and (3) approve their selection of  KSF as Lead Counsel.

Dated: October 11, 2011

BRESKIN JOHNSON & TOWNSEND, PLLC

By ___/s/ Roger M. Townsend_____
      Roger M. Townsend WSBA#25525

1111 Third Avenue, Suite 2230
Seattle, WA 98101
Office: (206) 652-8660
Direct: (206) 518-6200
Fax: (206) 652-8290

*Local Counsel for Movant Motricity Securities Investors Group*

Kim E. Miller
KAHN SWICK & FOTI, LLC
500 Fifth Avenue, Suite 1810
New York, NY 10110
Telephone: (212) 696-3730

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

10

Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

Lewis Kahn
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com

*Counsel for Movant Motricity Securities Investors
Group and Proposed Lead Counsel for the Class*

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

3   the CM/ECF system which will send notification of such filing to all counsel of record.

4          I certify under penalty of perjury pursuant to the laws of the State of Washington that the

5   foregoing is true and correct.

6          Signed on October 11, 2011 at Seattle, Washington.

7                                                        /s/ Roger M. Townsend
                                                         Roger M. Townsend WSBA#25525
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOT. TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFFS
AND APPROVE SELECTION OF LEAD COUNSEL
Case Nos. 2:11-cv-01340-TSZ, 2:11-cv-01678

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101  Tel: 206-652-8660

12