UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JOE CALLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN SACHS & CO., DEUTSCHE BANK SECURITIES INC., RBC CAPTIAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC, and PACIFIC CREST SECURITIES LLC,<br><br>Defendants. | No. 2:11-cv-01340<br><br><u>CLASS ACTION</u><br><br>**THE LOBEL FAMILY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**<br><br>NOTE ON MOTION CALENDAR: November 4, 2011<br><br>ORAL ARGUMENT REQUESTED |

THE LOBEL FAMILY'S MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION
OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

# TABLE OF CONTENTS

**Page(s)**

I.   SUMMARY OF ARGUMENT ...................................................................................1

II.  STATEMENT OF FACTS .........................................................................................2

III. ARGUMENT................................................................................................................2

    A.  The Lobel Family Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff..................................................................................2

        1.  The Lobel Family Has Timely Moved for Appointment as Lead Plaintiff.............................................................................................4

        2.  The Lobel Family Has the Requisite Financial Interest in the Relief Sought by the Class.................................................................4

        3.  The Lobel Family Satisfies the Requirements of Rule 23 .....................4

            a.  Typicality .........................................................................................5

            b.  Adequacy .........................................................................................6

    B.  The Lobel Family's Selection of Lead and Liaison Counsel Should Be Approved............................................................................................................6

IV.  CONCLUSION.............................................................................................................7

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777
Facsimile: (206) 728-2131

- i -

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 6

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ............................................................ 5

*Hodges v. Akeena Solar, Inc.*,
    263 F.R.D. 528 (N.D. Cal. 2009) ............................................................................................ 5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002). ............................................................................................ 4, 5

**STATUTES**

15 U.S.C.
    §78u-4 (a)(3)(A)-(B) ............................................................................................................. 3, 4
    §78u-4 (a)(3)(A)(i) ..................................................................................................................... 3
    §78u-4 (a)(3)(B) .................................................................................................................. 1, 2, 3
    §78u-4 (a)(3)(B)(iii) ............................................................................................................ 1, 2, 3
    §78u-4 (a)(I)-(3)(B)(i) ................................................................................................................ 3
    §78u-4(a)(3)(B) .......................................................................................................................... 4
    §78u-4 (a)(3)(B)(v) ................................................................................................................ 2, 6

Federal Rules of Civil Procedure Rule 23 ................................................................................. 1, 3

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777
Facsimile: (206) 728-2131

- ii -

1    Class members Evan S. Lobel, William Lobel, and Sheila Lobel (the "Lobel Family") will and hereby do respectfully move the Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an Order appointing the Lobel Family as lead plaintiff in the above-captioned action, and approving their selection of Robbins Umeda LLP ("Robbins Umeda") as lead counsel and Stritmatter Kessler Whelan Coluccio as liaison counsel for the Class.

The grounds for this Motion are set forth in the Memorandum of Law in Support below and the Declaration of Brad J. Moore in Support of the Lobel Family's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, filed contemporaneously herewith.

I.   **SUMMARY OF ARGUMENT**

Presently pending in this district is a securities class action lawsuit brought on behalf of purchasers of Motricity, Inc. ("Motricity" or the "Company") securities during the period between June 18, 2010 and August 9, 2011 (the "Class Period"). This action is brought pursuant to Sections l0(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.l0b-5.

The PSLRA sets forth the manner by which courts are to select lead plaintiff. Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). See 15 U.S.C. §78u-4 (a)(3)(B)(iii).

Here, the Lobel Family should be appointed as lead plaintiff because: (i) they timely filed for appointment as lead plaintiff; (ii) to the best of their knowledge, the Lobel Family has the largest financial interest in this litigation; and (iii) they will adequately represent the interests of

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 1 -

the Class. *See id.*; *see also* Section IV, *infra*. Additionally, the Lobel Family has retained experienced and competent counsel to represent the Class. As the "most adequate plaintiff," the Lobel Family's selection of Robbins Umeda to serve as lead counsel, and Stritmatter Kessler Whelan Coluccio as liaison counsel for the Class should be approved. *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

## II.  STATEMENT OF FACTS

Motricity provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore. During the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Defendants knew, but concealed from the investing public, that: (i) Motricity's business was being adversely affected by a faster than expected adoption of smartphones by consumers such that a smaller portion of the market needed the Company's services; (ii) the Company's largest customers were not increasing their demand for Motricity's services to the extent represented; and (iii) Motricity's business was not growing as fast as represented. As a result of defendant's false statements, Motricity's stock traded at inflated levels during the Class Period, reaching a high of $30.74 per share on November 9, 2010. However, the market became aware of the concealed information following the releases of the Company's first and second quarter 2011 financial results. As a result, the Company's shares plummeted 92% from their Class Period high.

## III.  ARGUMENT

### A.  The Lobel Family Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act that is brought as a plaintiff class action pursuant

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 2 -

to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4 (a)(I)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4 (a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire* on August 12, 2011.  *See* Declaration of Brad J. Moore in Support of the Lobel Family's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Moore Decl."), Ex. A. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4 (a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4 (a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
> (aa) has either filed the complaint or made a motion in response to a notice ... ;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4 (a)(3)(B)(iii).

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 3 -

### 1. The Lobel Family Has Timely Moved for Appointment as Lead Plaintiff

All Class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by October 11, 2011. *See* 15 U.S.C. §78u-4 (a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame following the publication of the requisite notice, the Lobel Family hereby moves this Court for appointment as lead plaintiff on behalf of all members of the Class. The Lobel Family has also duly signed and filed certifications stating their willingness to serve as a representative party on behalf of the Class. *See* Moore Decl., Ex. B.

### 2. The Lobel Family Has the Requisite Financial Interest in the Relief Sought by the Class

Pursuant to 15 U.S.C. §78u-4 (a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the class action. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, the Lobel Family suffered losses of $445,553.43 based on their Class Period purchases of Motricity stock. To the best of the Lobel Family's knowledge, their financial interest in this matter is the largest of any competing lead plaintiff movant. Accordingly, the Lobel Family should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. The Lobel Family Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4 (a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 4 -

class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements, and only a preliminary showing is necessary.  *See Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009); *see also Cavanaugh*, 306 F.3d at 730.

### a.     Typicality

In determining whether a movant presents claims or defenses typical of those of the class, the court looks to see "whether 'other members have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct.'"  *Hodges*, 263 F.R.D. at 532 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).   When conducting a typicality analysis, the court directs its attention to the nature of the claim or defense of the movant, rather than the specific facts from which the cause of action arose.  *See Hanon*, 976 F.2d at 508.

The Lobel Family satisfies the typicality requirement of Rule 23.  Like the other class members, the Lobel Family: (i) purchased Motricity securities during the Class Period at artificially inflated prices; and (ii) suffered damages thereby.  Moreover, the Lobel Family's claims are premised on the same legal theories and arise from the same misconduct and course of events as alleged by the Class.  Finally, the injury incurred by the Lobel Family resembles that

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 5 -

incurred by similarly situated class members who traded the Company's securities relying on defendants' material misrepresentations and omissions.

### b. Adequacy

A lead plaintiff must also fairly and adequately protect the interests of the class. *See Hodges*, 263 F.R.D. at 532; *Cavanaugh*, 306 F.3d at 730. When considering adequacy, courts consider the following two questions: "'(1) do the [movants] and their counsel have any conflicts of interest with other class members and (2) will the [movants] and their counsel prosecute the action vigorously on behalf of the class?'" *Hodges*, 263 F.R.D. at 532 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Here, the Lobel Family is an adequate lead plaintiff because their interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between the Lobel Family's interests and those of the other members of the Class and there is nothing to indicate that the Lobel Family will do anything but vigorously pursue the claims on behalf of the Class. Lastly, as demonstrated below, the Lobel Family's proposed counsel is qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and professional manner.

Accordingly, the Lobel Family satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### B. The Lobel Family's Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Lobel Family, as the presumptively most adequate plaintiff, has selected Robbins Umeda to serve as lead counsel for the Class. Robbins Umeda possesses substantial shareholder litigation

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 6 -

experience, including the successful prosecution of securities fraud class actions on behalf of injured investors.  *See* Moore Decl., Ex. C.  Stritmatter Kessler Whelan Coluccio has served as counsel in complex class actions, and is capable of serving as liaison counsel here.  *See* Moore Decl., Exs. D and E.  As such, the Court should approve the Lobel Family's selection of Robbins Umeda as lead counsel and Stritmatter Kessler Whelan Coluccio as liaison counsel for the Class.

## IV.   CONCLUSION

For the foregoing reasons, the Court should appoint the Lobel Family as lead plaintiff and approve their selection of Robbins Umeda as lead counsel and Stritmatter Kessler Whelan Coluccio as liaison counsel for the Class.

Dated: October 11, 2011

STRITMATTER KESSLER WHELAN COLUCCIO

s/Brad J. Moore
BRAD J. MOORE, WSBA #21802

200 Second Avenue West
Seattle, WA  98119
Telephone:  (206) 448-1777
Facsimile:  (206) 728-2131

*[Proposed] Liaison Counsel for Plaintiff*

ROBBINS UMEDA LLP
BRIAN J. ROBBINS
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*[Proposed] Lead Counsel for Plaintiff*

655321

THE LOBEL FAMILY'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL AND
MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 11, 2011.

                                                          s/Brad J. Moore
                                                          BRAD J. MOORE

THE LOBEL FAMILY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT
Case No. 2:11-cv-01340

STRITMATTER KESSLER WHELAN COLUCCIO
BRAD J. MOORE
200 Second Avenue West
Seattle, Washington 98119
Telephone: (206) 448-1777   Facsimile: (206) 728-2131

- 8 -