THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JOE CALLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>MOTRICITY, INC., et al.,<br><br>  Defendants. | No. 2:11-cv-01340-TSZ<br><br><u>CLASS ACTION</u><br><br>THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>**[NOTE ON MOTION CALENDAR: October 28, 2011]** |
| MARK COUCH, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>MOTRICITY, INC., et al.,<br><br>  Defendants. | No. 2:11-cv-01678<br><br><u>CLASS ACTION</u><br><br>**[ORAL ARGUMENT REQUESTED]** |

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL  (2:11-cv-01340-TSZ)

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

Class members Cliff Mosco and Rich Hardy (together, the "Mosco/Hardy Group" or "Movant") will, and hereby does, move this Court for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Mosco/Hardy Group as lead plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as liaison counsel pursuant to the PSLRA.

This Motion is brought on the grounds that Movant meets the requirement of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the class and it will fairly and adequately represent the class. Movant also seeks approval of its choice of lead counsel.

## I. INTRODUCTION

Presently pending in this Court are two securities class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of Motricity, Inc. ("Motricity" or the "Company") between June 18, 2010 and August 9, 2011 (the "Class Period"):

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Callan v. Motricity, Inc., et al.* | 2:11-cv-01340-TSZ | August 12, 2010 |
| *Couch v. Motricity, Inc., et al.* | 2:11-cv-01678-UA | October 7, 2011 |

These Related Actions are brought pursuant to §§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. See

---

[1] The PSLRA's lead plaintiff provisions amended both the Securities Act and the Exchange Act in virtually identical ways. *Compare* 15 U.S.C. §77z-1(a)(3) *with* 15 U.S.C. §78u-4(a)(3). For simplicity and consistency, only the lead plaintiff provisions in the Exchange Act are cited herein.

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL (2:11-cv-01678)            - 1 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

The Mosco/Hardy Group should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any proposed lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Mosco/Hardy Group's selection of Robbins Geller to serve as lead counsel and Hagens Berman to serve as liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller possesses experience in the prosecution of securities class actions and will adequately represent the interests of all class members as lead counsel.

## II.   SUMMARY OF PENDING ACTIONS

Motricity provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business practices and financial results. Specifically, defendants failed to disclose negative trends in Motricity's business, including with Motricity's most important customers. As a result of defendants' false statements, Motricity stock traded at artificially inflated prices during the Class Period, reaching a high of $30.74 per share on November 9, 2010.

On June 18, 2010, Motricity announced the pricing of its initial public offering ("IPO") of 6 million shares of common stock at $10 per share (which included 1 million shares to be purchased at the IPO price of $10.00 per share, less the underwriting discount, by one or more entities affiliated with Carl C. Icahn – who had an existing 18.5% beneficial ownership interest in Motricity) with an overallotment option granted to the underwriters to purchase up to an additional 750,000 shares, for net proceeds of $51.4 million.

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL (2:11-cv-01678)                              - 2 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

During the Class Period, defendants represented that the Company would continue to prosper despite the increasing popularity of smartphones, which provide Internet access without Motricity's services. In April 2011, the Company acquired Adenyo, a mobile marketing, advertising and analytics solutions provider with operations in the United States, Canada and France.

On May 3, 2011, Motricity issued a press release announcing its first quarter 2011 financial results. The Company reported a net loss of ($6.1) million, or ($0.15) diluted earnings per share ("EPS"), which included the Adenyo acquisition, and revenue of $32.2 million.

On this news, Motricity's stock dropped $1.82 per share to close at $10.99 per share on May 4, 2011, a one-day decline of 14% on volume of over 4 million shares.

Then, on August 9, 2011, Motricity issued its second quarter 2011 financial results, reporting a net loss of ($4.3) million, or ($0.09) diluted EPS, including the expenses of the Adenyo acquisition, and revenue of $34.6 million. This result fell well short of Wall Street's forecast. The release stated in part:

> "Our financial results are below our expectations, due to headwinds in our North America carrier business, increased competition in the international market which impacted our ability to close new deals, and a later than expected closing of the Adenyo transaction. We are providing a greater level of revenue detail in this press release on the primary areas of our business – North American Carrier, International Carrier and Mobile Marketing and Advertising – so that investors can better understand our company," said Ryan Wuerch, chief executive officer of Motricity.

\*     \*     \*

> "At the senior level of management, we are initiating a transition in the CFO position to replace Allyn Hebner, who will assist with the transition. We also made the decision to make another transition in our senior team with Jim Ryan, who has previously served as our Chief Strategy and Marketing and Development Officer and whose responsibilities are now being handled by others," added Wuerch.

As a result of this news, Motricity's stock price plummeted, opening at $2.26 per share on August 10, 2011, a decline of 50% on huge volume.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678) - 3 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

657075_1

(a) Motricity's business was being adversely affected by a faster than expected adoption of smartphones by consumers such that a smaller portion of the market needed Motricity's services;

(b) Motricity's largest customers were not increasing their demand for Motricity's services to the extent represented; and

(c) Motricity's business was not growing as fast as represented, particularly domestically.

As a result of defendants' false statements, Motricity's stock traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down over 92% from their Class Period high.

## III. ARGUMENT

### A. This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678) - 4 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

The Mosco/Hardy Group respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

**B.     The Mosco/Hardy Group Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising that is brought as a plaintiff class action, pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published on *Business Wire*

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678)

- 5 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

on August 12, 2011.  *See* Declaration of Karl P. Barth in Support of the Mosco/Hardy Group's Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Counsel ("Barth Decl."), Ex. A.[2]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. The Mosco/Hardy Group Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by October 11, 2011. 15 U.S.C. §78u-4(a)(3)(A)(II).  Pursuant to the provisions

---

[2]   The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Unless otherwise noted, all emphasis is added and citations are omitted.

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL (2:11-cv-01678) - 6 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

of the PSLRA and within the requisite time frame after publication of the required notice (published on August 12, 2011), the Mosco/Hardy Group hereby moves this Court in a timely manner to be appointed lead plaintiff on behalf of all members of the class.

The Mosco/Hardy Group has duly signed and filed certifications stating its members have reviewed the allegations of the complaint and are willing to serve as a representative party on behalf of the class. *See* Barth Decl., Ex. B. In addition, the Mosco/Hardy Group submits with this Motion a joint declaration describing the members of the group and how they will work together to oversee this litigation going forward. *See Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614, at *17-*18 (W.D. Wash. Aug. 2, 2010); Barth Decl., Ex. F.

### 2. The Mosco/Hardy Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period the Mosco/Hardy Group suffered losses of approximately $1.08 million in connection with its purchases of Motricity securities during the Class Period. *See* Barth Decl., Exs. B, C. On information and belief, this represents the largest financial interest in the outcome of this litigation. *See In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).

### 3. The Mosco/Hardy Group Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678) - 7 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

examination of the remaining requirements until a class certification motion is filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001). Typicality does not require that there be no factual differences between the class representatives and the class members, because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'"). The Court should consider whether movant's circumstances "'are markedly different or . . . the legal theory upon which the claims [of that movant] are based differs from that upon which the claims of other class members will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Mosco/Hardy Group satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Motricity securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the Mosco/Hardy Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL (2:11-cv-01678)                                              - 8 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

Here, the Mosco/Hardy Group is an adequate representative of the class because its interests in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between the interests of the Mosco/Hardy Group and those of the other members of the class. In addition, as demonstrated below, the Mosco/Hardy Group's proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Mosco/Hardy Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

**C.     The Mosco/Hardy Group's Selection of Counsel Should Be Approved**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Mosco/Hardy Group, as the presumptively most adequate plaintiff, has selected Robbins Geller as lead counsel and Hagens Berman as liaison counsel, subject to this Court's approval. Robbins Geller is a 180-lawyer law firm that is actively engaged in complex litigation emphasizing securities, consumer and antitrust class actions. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Barth Decl., Ex. D.

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR
CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL (2:11-cv-01678)         - 9 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

## IV. CONCLUSION

For the foregoing reasons, the Mosco/Hardy Group respectfully requests that this Court: (1) consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint the Mosco/Hardy Group as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve its selection of Robbins Geller as Lead Counsel and Hagens Berman as liaison counsel.

DATED:  October 11, 2011                Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN, WSBA #12536
KARL P. BARTH, WSBA #22780


             /s/ Karl P. Barth
                KARL P. BARTH

1918 8th Avenue, Suite 3300
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN K. GRANT
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678) - 10 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA  98101
Telephone: 206/623-7292 • Fax: 206/623-0594

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who are registered ECF users.

DATED: October 11, 2011

                                       **s/ Karl P. Barth**
KARL P. BARTH
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Karl@hbsslaw.com

657075_1

THE MOSCO/HARDY GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL (2:11-cv-01678)

- 11 -

HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300, Seattle, WA 98101
Telephone: 206/623-7292 • Fax: 206/623-0594