HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOE CALLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC and PACIFIC CREST SECURITIES LLC,<br><br>Defendants. | No. 11-cv-1340-TSZ<br><br>**MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Note on Motion Calendar:  October 28, 2011<br><br>Oral Argument Requested |

[Additional caption on the next page]

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

|   |   |
|---|---|
| MARK COUCH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MOTRICITY, INC., RYAN K. WUERCH, ALLYN P. HEBNER, JAMES R. SMITH, JR.,, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, and SOHAIL QADRI,<br><br>                    Defendants. | No. 11-cv-1678-TSZ |

---

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

Under Federal Rule of Civil Procedure 42(a) and § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), Michael Slattery, John Testa, Allen Oskiera, Alexander Iori, and Heman Chow (collectively the "Slattery Group"), who purchased shares of Defendant Motricity, Inc. between June 18, 2010 and August 9, 2011 (the "Class Period") and members of the putative class in this action, move this Court for an order:

(1) Consolidating *Callan v. Motricity, Inc.*, No. 11-cv-1340-TSZ, and *Couch v. Motricity, Inc.*, No. 11-cv-1678-TSZ, for all purposes;

(2) Appointing the Slattery Group or, in the alternative, any member of the group individually, as Lead Plaintiff;

(3) Approving the Slattery Group's selection of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel; and

(4) Granting such other and further relief as the Court deems just and proper.

The Slattery Group makes this motion based on the identity of factual and legal issues between the above-captioned actions and the grounds that (1) it has suffered a recoverable loss of approximately $1,018,048.62 in connection with purchases of 94,719 shares of Motricity stock during the Class Period; and (2) it satisfies the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of the claims of other class members and because it will fairly and adequately represent the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This motion is based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Albert Y. Chang and exhibits, the Joint Declaration of the Slattery Group, all other papers and proceedings in this action, and such other written or oral argument the Court may consider in deciding this motion. A proposed order regarding the Lead Plaintiff and Lead Counsel appointments is attached to this motion.

---

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Two securities fraud class actions – *Callan* and *Couch* – have been brought before this Court on behalf of persons who purchased Motricity, Inc. stock between June 18, 2010 and August 9, 2011 (the "Class Period"). Members of the Slattery Group suffered substantial losses as a result of their purchase of 94,719 shares of Motricity common stock during the Class Period. To recover the losses on behalf of themselves and other class members, the Slattery Group moves to (1) consolidate these two actions; (2) appoint the Slattery Group or, in the alternative, any of its members individually as Lead Plaintiff; and (3) approve its selection of counsel, Chapin Fitzgerald Sullivan & Bottini LLP, as Lead Counsel.

The Court should consolidate these actions under Federal Rule of Civil Procedure 42(a) because they involve similar factual and legal issues.

The Court should appoint the Slattery Group as Lead Plaintiff under § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), because:

- the Slattery Group has timely made a motion for lead plaintiff appointment;
- the Slattery Group is the presumptive lead plaintiff since it has lost approximately $1,018,048.62 as a result of the misrepresentations and omissions alleged in this action and, to the best of its knowledge, the Slattery Group has the largest financial interest in the relief sought by the class; and
- the Slattery Group meets the typicality and adequacy of representation requirements under Federal Rule of Civil Procedure 23.

The Court should approve the Slattery Group's selection of the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel because the firm specializes in securities litigation, has a demonstrated record of success in litigating securities class actions, and is thus well qualified to represent the class of Motricity shareholders.

Accordingly, the Court should grant the Slattery Group's motion in its entirety.

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 2 -

## II. STATEMENT OF FACTS

Both *Callan* and *Couch* arise from Motricity's dissemination of false and misleading information about its financial condition. Motricity is a Seattle-based company that provides mobile data solutions that enable wireless carriers to deliver mobile data services to their subscribers in the United States, the United Kingdom, the Netherlands, and Singapore. Compl. ¶¶ 13, 16.[1] During the Class Period, Motricity's officers and directors (collectively, "Defendants")[2] caused Motricity to issue false and misleading statements about its business practices and financial results. *Id.* ¶¶ 3, 40-59. These statements caused Motricity common stock to trade at artificially inflated prices – at a Class Period high of nearly $30.74 per share. *Id.* ¶¶ 3, 60.

While Motricity stock was trading at artificially inflated prices, Motricity announced an initial public offering ("IPO") on June 18, 2010. *Id.* ¶ 4. Throughout the Class Period, Motricity boasted its financial prospects. *E.g.*, *id.* ¶¶ 46-48. But the truth of Motricity's financial condition emerged on August 9, 2011. *Id.* ¶¶ 54-56. As a result of this news, Motricity's stock price plummeted the next day, opening at $2.26 per share – a 50% decline. *Id.* ¶ 55.

*Callan* and *Couch* followed, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Sections 11 and 15 of the Securities Act of 1933.[3] On August 12, 2011, a notice of the pendency of this action was published on Business Wire. *See* Declaration of Albert Y. Chang ("Chang Decl.") Ex. A. Within 60 days after the publication of this notice, the Slattery Group moves for lead plaintiff appointment on October 11, 2011.

---

[1] Because the facts underlying both *Callan* and *Couch* are identical, this brief cites only to the *Callan* complaint dated August 12, 2011.

[2] Both the *Callan* and *Couch* complaints name Motricity's officers and directors as defendants. Compl. ¶¶ 17-27. In addition, the *Callan* complaint names several underwriters. *Id.* ¶¶ 29-36.

[3] The *Couch* complaint also alleges violations of state securities laws.

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 3 -

## III. ARGUMENT

### A. The Court Should Consolidate *Callan* And *Couch* Because They Raise Identical Factual And Legal Issues

Under Rule 42, this Court has broad discretion to consolidate related actions. See *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). Consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same evidence. *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Specifically, the PSLRA calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Accordingly, the Court should consolidate *Callan* and *Couch* for all purposes because they arise from identical events and transactions and assert identical claims under federal securities laws. *See Armbruster v. Cellcyte Genetics Corp.*, No. 08-cv-0047-RSL, 2008 U.S. Dist. LEXIS 96288, at *5 (W.D. Wash. Apr. 28, 2008) (consolidating three actions for all purposes because they allege federal securities law claims).

### B. The Court Should Appoint The Slattery Group As Lead Plaintiff Because It Is The "Most Adequate Plaintiff"

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any securities fraud class action is the person or "group of persons" that:

- has either filed the complaint or made a motion in response to a notice;
- in the determination of the court, has the largest financial interest in the relief sought by the class; and
- otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, the Slattery Group meets each of these three requirements.

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 4 -

### 1. The Slattery Group's Motion Is Timely

Because the Business Wire notice regarding the pendency of this action was published on August 12, 2011, the 60-day period in which class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on October 11, 2011. *See* Chang Decl. Ex. A at 1. Thus, the Slattery Group's motion is timely. In addition, the Slattery Group has retained competent counsel to represent it and the class. *See* Chang Decl. Ex. D. The Slattery Group thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and approval of lead counsel considered by the Court.

### 2. The Slattery Group Is the Presumptive Lead Plaintiff

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members." *Id.* To identify the presumptive "most adequate plaintiff," the Court must first determine which member or group of members of the class has the largest alleged loss. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

#### (a) The Slattery Group Has Suffered The Largest Recoverable Loss

As demonstrated in the certifications of the members of the Slattery Group, it purchased 94,719 shares of Motricity common stock during the Class Period. *See* Chang Decl. Exs. B-C. As a result of these purchases, the Slattery Group suffered approximately $1,018,048.62 in damages. *See* Chang Decl. Ex. C. For the purposes of lead plaintiff appointment, the Slattery Group members may aggregate their losses. *E.g.*, *In re Ride, Inc. Sec. Litig.*, No. C 97-0402 WD, 1997 U.S. Dist. LEXIS 23689, at *4 (W.D. Wash. Aug. 5, 1997) (appointing a group as lead plaintiff and allowing aggregation of loss because the

---

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION
OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 5 -

PSLRA's "language calls for aggregation"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 47 (S.D.N.Y. 1998) ("the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff").  The Slattery Group does not know of another Motricity shareholder who is seeking lead plaintiff appointment and who has suffered a higher amount of damages.  Thus, the Slattery Group believes it is entitled to the presumption of being the most adequate plaintiff.  *See Cavanaugh*, 306 F.3d at 730; *see also Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *6 (finding the persons with the largest loss to be the presumptive lead plaintiffs).

### (b) The Slattery Group Has The Demonstrated Ability To Function Cohesively And To Prosecute This Action Vigorously

The PSLRA authorizes the Court to appoint a "group of persons" as lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Courts in this District have appointed investor groups to serve as lead plaintiffs in securities fraud class actions so long as group members demonstrate their ability to function as a cohesive group.  *See, e.g., Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10-0414-MJP *et al.*, 2010 U.S. Dist. LEXIS 93614, at *19 (W.D. Wash. Aug. 2, 2010) (appointment of a three-member investor group as lead plaintiff); *accord In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at **21-22 (N.D. Cal. Aug. 20, 2001) (to determine whether to appoint a group, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interest of the class and direct the litigation without undue influence of counsel").  The Slattery Group demonstrates the required cohesion.

As demonstrated in their Joint Declaration, the Slattery Group members have made a conscious decision to represent the class as a group based on their belief that their common losses and experience will best serve the class.  Joint Decl. ¶ 5.  To facilitate their joint representation of the class, they have conferred with one another and established channels of communication.  *Id.* ¶ 7.  They have nominated Michael Slattery as their

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 6 -

spokesperson and authorized him to act on the group's behalf in unanticipated emergency situations. *Id.* ¶ 5. Each member of the Slattery Group is ready and willing to vigorously prosecute this action and actively monitor counsel in the course of this litigation. *Id.* ¶ 6. These facts compel the conclusion that the Slattery Group can function as a cohesive group to vigorously prosecute this action on behalf of the class. *See Sabbagh*, 2010 U.S. Dist. LEXIS 93614, at **17-19 (appointing a group based on similar facts).[4]

### 3. The Slattery Group Satisfies Rule 23's Requirements

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a). *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

### (a) The Slattery Group's Claims Are Typical

The typicality requirement of Rule 23(a)(3) is satisfied when: (1) the named plaintiffs have suffered the same injuries as the absent class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues. *See Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7 (finding typicality); *see also Doral Bank*

---

[4] *See also Petrie v. Elec. Game Card, Inc.*, Nos. SACV 10-0252 DOC (RNBx) *et al.*, 2010 U.S. Dist. LEXIS 56283 (C.D. Cal. June 4, 2010); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *20 (S.D. Cal. Jan. 5, 2004); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009); *Schulman v. Lumenis, Ltd.*, No. 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at **21-22 (S.D.N.Y. June 18, 2003); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999).

---

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone: (206) 682-2692
Facsimile: (206) 682-2587

- 7 -

*P.R. v. Wamu Asset Acceptance Corp.*, No. C 09-1557 MJP, 2010 U.S. Dist. LEXIS 37909, at **6-7 (W.D. Wash. Mar. 24, 2010) (requiring only a "preliminary showing" of typicality and adequacy of representation).  This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are reasonably co-extensive with those of absent class members.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Thus, courts have repeatedly held that typicality is satisfied in securities class actions when the class representative, like all other class members, suffered damages as a result of purchasing the subject stock during the relevant time period at prices that were artificially inflated by defendants' alleged false and misleading statements.  *See, e.g., Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.

Here, the Slattery Group's claims are typical of those of other class members.  The Slattery Group members purchased Motricity stock during the Class Period at prices artificially inflated by the misrepresentations and omissions alleged in this action.  Like other class members, the Slattery Group members suffered damages as a result of its purchases of Motricity stock.  These shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are based on the same legal theory and arise from the same events and course of conduct as the class claims.

### (b) The Slattery Group Can Adequately Represent The Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when counsel for the class is competent, the representative's interests are not antagonistic to those of the absent class members, and it is unlikely that the action is collusive.  Here, the Slattery Group is an adequate representative of the class for two reasons.  First, the Slattery Group members' interests are clearly aligned with the interests of the members of the class because, like other class members, members of the group paid artificially inflated prices for Motricity stock due to Defendants' materially false and misleading statements.  There is no

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 8 -

1 antagonism between the Slattery Group members' interests and those of the putative class.
2 *Armbruster*, 2008 U.S. Dist. LEXIS 96288, at *7.  Second, the Slattery Group has taken
3 significant steps that demonstrate its willingness and ability to protect the interests of the
4 class:  (1) the members of the group have established channels of communication among
5 each other; (2) the Slattery Group members have decided to move for lead plaintiff
6 appointment as a group and have timely filed this motion; and (3) the Slattery Group has
7 retained competent and experienced counsel to prosecute these claims.  *See id.*  As
8 discussed below, the Slattery Group's proposed counsel is highly qualified, experienced,
9 and able to conduct this complex litigation in a professional manner.  *See* Chang Decl. Ex.
10 D.  Thus, the Slattery Group satisfies the typicality and adequacy requirements of Rule 23
11 for the purposes of this motion.

12 **C.    The Court Should Approve the Slattery Group's Choice of Counsel**

13 The PSLRA provides that the lead plaintiff shall, subject to court approval, select
14 and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not disturb the lead
15 plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15
16 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  The Slattery Group has selected the law firm of Chapin
17 Fitzgerald Sullivan & Bottini LLP as Lead Counsel.  The attorneys at Chapin Fitzgerald
18 have substantial experience in prosecuting securities class actions.  *See* Chang Decl. Ex. D.
19 Indeed, Mr. Bottini, one of the firm's partners, has been involved in a number of securities
20 class actions in this District, including *In re Cell Therapeutics, Inc.*, No. 10-cv-0414-MJP
21 (W.D. Wash.).  Mr. Bottini is currently serving as lead counsel for the class in a multi-
22 billion-dollar action involving a feeder fund to Bernard L. Madoff's Ponzi scheme*, In re
23 Herald, Primeo, and Thema Funds Securities Litigation*, No. 09 Civ. 0289 (RMB)
24 (S.D.N.Y.).  Accordingly, the Court should approve the Slattery Group's selection of Chapin
25 Fitzgerald as lead counsel for the class.

26

27 MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION                LAW OFFICE OF WILLIAM R. SPURR
   OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF,             1001 Fourth Avenue, Suite 3600
   AND APPROVAL OF SELECTION OF LEAD COUNSEL;                   Seattle, Washington 98154
28 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT              Telephone:  (206) 682-2692
   THEREOF                                                      Facsimile:  (206) 682-2587
   No. 11-cv-1340-TSZ

- 9 -

## IV. CONCLUSION

For the reasons set forth above, the Court should consolidate *Calla*n and *Couch* for all purposes and appoint the Slattery Group or, in the alternative, its members individually as Lead Plaintiff in the consolidated action.  Furthermore, the Court should appoint Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel.

Dated:  October 11, 2011

Respectfully submitted,

LAW OFFICE OF WILLIAM R. SPURR

s/ William R. Spurr
William R. Spurr

1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

*Counsel for the Slattery Group*

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr.
Jill M. Sullivan
Albert Y. Chang
550 West C Street, Suite 2000
San Diego, California 92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

*Proposed Lead Counsel for the Slattery Group and the Class*

MOTION OF THE SLATTERY GROUP FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 11-cv-1340-TSZ

LAW OFFICE OF WILLIAM R. SPURR
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
Telephone:  (206) 682-2692
Facsimile:  (206) 682-2587

- 10 -