The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOE CALLAN, individually and on behalf of all others similarly situated, | ) ) ) | No. 2:11-CV-01340-TSZ |
| Plaintiff, | ) ) | CLASS ACTION |
| v. | ) ) | UNDERWRITER DEFENDANTS' MOTION TO DISMISS |
| MOTRICITY, INC., RYAN K. WUERCH, JAMES R. SMITH, JR., ALLYN P. HEBNER, JAMES N. RYAN, JEFFREY A. BOWDEN, HUNTER C. GARY, BRETT ICAHN, LADY BARBARA JUDGE, SUZANNE H. KING, BRIAN V. TURNER, J.P. MORGAN SECURITIES INC., GOLDMAN, SACHS & CO., DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS CORPORATION, ROBERT W. BAIRD & CO. INCORPORATED, NEEDHAM & COMPANY, LLC AND PACIFIC CREST SECURITIES LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | *Note on Motion Calendar:* May 4, 2012 **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) ) ) | |

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ)
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   FACTUAL BACKGROUND.............................................................................................. 3

III.  ARGUMENT...................................................................................................................... 4

    A.   Plaintiffs Do Not Have Standing to Bring Their Section 12(a)(2) Claim. ....................... 4

    B.   Plaintiffs Have Not Alleged Any False Statement in the Offering Documents with Particularity, as Rule 9(b) Requires................................................................................... 4

    C.   Even Under Rule 8, Plaintiffs Have Not Adequately Alleged Any False Statement in the Offering Documents. ......................................................................................... 5

       1.   Plaintiffs Rely on Impermissible "Puzzle-Style" Pleading. ........................................ 5

       2.   Plaintiffs Do Not Identify a False Statement.............................................................. 6

          a.   Plaintiffs Fail to Allege a False Forward-Looking Statement.................................. 6

       3.   Plaintiffs Fail to Allege a False Present-Tense Statement............................................ 8

          a.   Plaintiffs Fail to Allege Any False Statement of Opinion........................................ 9

          b.   Plaintiffs Fail to Allege Any False Statement of Fact........................................... 10

IV.   CONCLUSION ................................................................................................................ 12

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — i
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................................2

*Employers' Teamsters Local Nos. 175 & 505 Pension Trust Fund v. The Clorox Co.*,
  353 F.3d 1125 (9th Cir. 2004) .......................................................................................3, 7

*Fait v. Regions Fin. Corp.*,
  655 F.3d 105 (2d Cir. 2011) ...........................................................................................8, 9

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  No. 05-232, 2007 WL 81937 (E.D. Pa. Jan. 9, 2007) ......................................................9

*In re Bare Escentuals, Inc. Sec. Litig.*,
  745 F. Supp. 2d 1052 (N.D. Cal. 2010)..............................................................................5

*In re Cornerstone Propane Partners, L.P. Sec. Litig.*,
  355 F. Supp. 2d 1069 (N.D. Cal. 2005)...........................................................................2, 5

*In re Daou Sys. Inc. Sec. Litig.*,
  411 F.3d 1006 (9th Cir. 2005) .......................................................................................2, 4

*In re Impac Mortg. Holdings, Inc. Sec. Litig.*,
  554 F. Supp. 2d 1083 (C.D. Cal. 2008)...........................................................................6, 8

*In re Levi Strauss & Co. Sec. Litig.*,
  527 F. Supp. 2d 965 (N.D. Cal. 2007)................................................................................5

*In re Medimmune, Inc. Sec. Litig.*,
  873 F.Supp. 953 (D. Md. 1995)........................................................................................11

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) .........................................................................................2, 6

*In re Pac. Gateway Exchange, Inc., Sec. Litig.*,
  No. C-00-1211 PJH, 2002 WL 851066 (N.D. Cal. Apr. 30, 2002).....................................6

*In re Read-Rite Corp. Sec. Litig.*,
  335 F.3d 843 (9th Cir. 2003) .........................................................................................7, 8

*In re Stac Elec. Sec. Litig.*,
  89 F.3d 1399 (9th Cir.1996) ...............................................................................................5

*In re STEC Inc. Sec. Litig.*,
  2011 WL 4442822 (C.D. Cal. Jan. 10, 2011).....................................................................5

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — ii
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*In re Syntex Corp. Secs. Litig.*,
  95 F.3d 922 (9th Cir. 1996) ......................................................................................................... 7

*In re Verifone Sec. Litig.*,
  784 F. Supp. 1471 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993) ................................. 8

*In re Wash. Mut., Inc. Sec. Litig.*,
  694 F. Supp. 2d 1192 (W.D. Wash. 2009) ................................................................................. 8

*In re Wells Fargo Mortg. Backed Certificates Litig.*,
  09-CV-01376 LHK, 2010 U.S. Dist. LEXIS 106687 (N.D. Cal. Oct. 5, 2010) ........................ 9

*In re Wells Fargo Mortg. Backed Certificates Litig.*,
  712 F. Supp. 2d 958 (N.D. Cal. 2010) ................................................................................... 2, 4

*Iqbal v. Ashcroft*,
  556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) .............................................................................. 2

*Padnes v. Scios Nova Inc.*,
  No. C 95 1693 MHP, 1996 WL 539711 (N.D. Cal. Sept. 18, 1996) ....................................... 11

*Ronconi v. Larkin*,
  253 F.3d 423 (9th Cir. 2001) ..................................................................................................... 8

*Rubke v. Capitol Bancorp Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) ..........................................................................................passim

*S. Ferry LP, No. 2 v. Killinger*,
  542 F.3d 776 (9th Cir. 2008) ..................................................................................................... 7

*Shields v. Citytrust Bancorp*,
  25 F.3d 1124 (2d Cir. 1994) ...................................................................................................... 8

*Sollberger v. Wachovia Securities*, LLC,
  No. SACV 09-0766 AG (ANx), 2010 WL 2674456 (C.D. Cal. June 30, 2010) ....................... 5

*Zucco Partners, LLC  v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ................................................................................................... 11

**FEDERAL STATUTES**

15 U.S.C. § 11 ................................................................................................................... 2, 4, 5, 9

15 U.S.C. § 12(a)(2) .............................................................................................................. 1, 2, 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**RULES**

Fed. R. Civ. P. 8 ...................................................................................................................... 1, 2, 5

Fed. R. Civ. P. 9(b) ............................................................................................................... 1, 2, 4, 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 2

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — iv
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Defendants J.P. Morgan Securities Inc., Goldman, Sachs & Co., Deutsche Bank Securities Inc., RBC Capital Markets Corporation, Robert W. Baird & Co. Incorporated, Needham & Company, LLC and Pacific Crest Securities LLC (collectively, the "Underwriter Defendants") hereby move this Court to dismiss Plaintiffs' Consolidated Class Action Complaint for Violation of the Federal Securities Laws ("Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Underwriter Defendants also join in and incorporate the argument made by defendants Motricity, Inc., Ryan K. Wuerch, James R. Smith, Jr., Allyn P. Hebner, James N. Ryan, Jeffrey A. Bowden, Hunter C. Gary, Brett Icahn, Lady Barbara Judge, Suzanne H. King and Brian V. Turner (collectively, the "Motricity Defendants") that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Underwriter Defendants further join in the Request for Judicial Notice in Support of the Motricity Defendants' Motion to Dismiss ("RJN") relating to Exhibits A and E to the Escobar Declaration [Dkt. 51], and respectfully request that the Court take judicial notice of those documents for the reasons set forth in the RJN.

## I.     INTRODUCTION

The Court should dismiss Plaintiffs' claims against the Underwriter Defendants for failure to state a claim. The claims against the Underwriter Defendants relate only to the prospectus and registration statement for Motricity's June 18, 2010 IPO, and arise only under the Securities Act of 1933 ("Securities Act"). Because those allegations rest on the exact same allegations as the fraud-based claims asserted against the Motricity Defendants under the Securities Exchange Act of 1934 ("Exchange Act"), they must meet the heightened pleading standard of Rule 9(b). For the reasons set forth in the Motricity Defendants' motion, the Complaint does not meet that standard. The Underwriter Defendants submit this separate motion because additional, independent grounds support dismissal of the claims against the Underwriter Defendants:  even under the more relaxed pleading standard of Rule 8, Plaintiffs have failed to state a claim against the Underwriters.

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 1
DWT 19019367v1 0095090-000001

*First*, Plaintiffs' Complaint makes clear that Plaintiffs did not purchase Motricity stock from the defendants in the IPO, as they must do to assert a claim under Section 12(a)(2) of the Securities Act. *In re Wells Fargo Mortg. Backed Certificates Litig.*, 712 F. Supp. 2d 958, 966 (N.D. Cal. 2010). As a result, Plaintiffs' claim under Section 12(a)(2) of the Securities Act fails for lack of standing.

*Second*, Plaintiffs have failed to allege any false or misleading statements in the registration statement or prospectus for Motricity's IPO. For the reasons set forth in the Motricity Defendants' motion, Plaintiffs have failed to meet their burden to plead falsity with particularity under Rule 9(b), which applies because their Securities Act claims "sound in fraud." And in any event, even if judged under the notice pleading standard of Rules 8 and 12(b)(6), Plaintiffs' allegations fail. To state a claim under this standard, Plaintiffs' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Plaintiffs' Complaint here does not allege facts supporting an inference that the offering documents actually contained any false or misleading statements—a necessary element of their claims under each of Sections 11 and 12(a)(2). *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009); *In re Daou Sys. Inc. Sec. Litig.*, 411 F.3d 1006, 1027-29 (9th Cir. 2005). Rather than identify any allegedly false statements in the offering documents and explain in straightforward terms why they are false, the Complaint contains a series of lengthy quotes from the registration statement followed by a list of allegedly "true facts." Plaintiffs have not explained how these allegedly "true facts" rendered any of the prior statements false or misleading when made, and in fact, they do not. This "puzzle-style" pleading is insufficient. *See In re Cornerstone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1080-81 (N.D. Cal. 2005). The Complaint fails to include sufficient factual allegations to make Plaintiffs' supposed entitlement to relief "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 2
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

***Third***, several of the challenged statements were forward-looking.  To state a claim as to these statements, Plaintiffs must allege facts supporting an inference that the speakers did not actually believe the statements when made, lacked a reasonable basis for them, or were aware of facts tending seriously to undermine them.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 388 (9th Cir. 2010).  Plaintiffs here have alleged no such facts.  Moreover, meaningful cautionary language accompanied these forward-looking statements, which are therefore protected by the "bespeaks caution" doctrine.  *Employers' Teamsters Local Nos. 175 & 505 Pension Trust Fund v. The Clorox Co.*, 353 F.3d 1125, 1132 (9th Cir. 2004).

***Fourth***, several other allegedly false statements amount to statements of opinion, which are not actionable absent adequate allegations of both objective falsity (*i.e.*, the statement was incorrect when made) ***and*** subjective falsity (*i.e.*, the defendants did not believe the statement when they made it).  *See Rubke*, 551 F.3d at 1162.  Plaintiffs' Complaint alleges neither.

***Fifth***, to the extent Plaintiffs challenge any present-tense statements of fact (rather than opinion), Plaintiffs have not alleged any facts suggesting those statements were false when made.  At best, Plaintiffs have alleged that the offering documents painted a positive picture of Motricity's prospects, but that Motricity later encountered difficulties with its business.  Those allegations do not come close to supporting an inference of falsity.

## II.    FACTUAL BACKGROUND

The Underwriter Defendants incorporate the factual background set forth by the Motricity Defendants.  Motricity provides solutions that enable wireless carriers to deliver mobile data to their subscribers.  Compl. ¶ 23.  Motricity completed an initial public offering of stock on June 18, 2010, for which it filed a registration statement (the "Registration Statement") and prospectus ("Prospectus").  *Id.* ¶¶ 46, 55.  The Underwriter Defendants underwrote the IPO.

Plaintiffs' Complaint contains ten paragraphs that purport to identify false and misleading statements in Motricity's Registration Statement and Prospectus.  Compl. ¶¶ 46-55.  The statements in those paragraphs, consisting of six pages of lengthy block quotations lifted

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 3
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

from the Registration Statement, fall into four categories:  (a) Motricity's future growth (¶¶ 47, 52); (b) Motricity's compatibility with, and support for smartphones (¶¶ 49, 51, 54); (c) Motricity's competitive strengths (¶ 50); and (d) a breakdown of Motricity's revenues from managed services and from professional services (¶ 53).  The Complaint then purports to juxtapose those statements with a single list of generic and conclusory allegations about what Plaintiffs claim were the "true facts".  *Id.* ¶ 87.  On the basis of these allegations, Plaintiffs assert claims against the Underwriter Defendants under Sections 11 and 12(a)(2) of the Securities Act.

## III.   ARGUMENT

### A.   Plaintiffs Do Not Have Standing to Bring Their Section 12(a)(2) Claim.

Plaintiffs lack standing to sue under Section 12(a)(2).  "Section 12(a)(2) requires a plaintiff to plead and prove that it purchased a security directly from the [statutory seller—the issuer or underwriter] as part of the initial offering, rather than in the secondary market."  *Wells Fargo*, 712 F. Supp. 2d at 966.  The Complaint here shows the contrary:  Plaintiffs did not purchase their shares in the June 18, 2010 IPO, at the IPO price of $10.00 per share.  Instead, they purchased their shares months later, in the secondary market, at a different price.  Compl. ¶¶ 19-22.  Because Plaintiffs, by their own admission, did not purchase shares directly in the IPO, the Court should dismiss Count IV for lack of standing under Section 12(a)(2).  *Wells Fargo*, 712 F. Supp. 2d at 966 (dismissing 12(a)(2) claim because allegation that plaintiffs "'purchased *or otherwise acquired* Certificates pursuant *and/or traceable* to the defective Prospectuses'" was insufficient to demonstrate standing).

### B.   Plaintiffs Have Not Alleged Any False Statement in the Offering Documents with Particularity, as Rule 9(b) Requires.

The heightened pleading standard of Rule 9(b) governs claims under Sections 11 and 12(a)(2) if they "sound in fraud."  *See Daou*, 411 F.3d at 1027.  Here, the Section 11 and 12(a)(2) claims "sound in fraud" because Plaintiffs use the "exact same factual allegations" to support both the Securities Act and Exchange Act claims.  *Rubke*, 551 F.3d at 1161.  The same

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 4
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

allegedly false statements form the basis for both sets of claims (*compare* Compl. ¶¶ 110-11 *with* ¶¶ 116-19), and the same allegedly "true facts" form the basis of alleged falsity for both sets of claims. *Compl*. ¶ 87. Plaintiffs attempt to disclaim allegations of fraud. *See Compl*. ¶¶ 116, 118, 127-28. But "[t]hese nominal efforts [to disclaim fraud allegations] are unconvincing where the gravamen of the complaint is plainly fraud and no effort is made to show any other basis for the claims levied at the Prospectus." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n. 2 (9th Cir. 1996) (applying Rule 9(b) despite argument that plaintiff "specifically disclaimed any allegations of fraud with respect to its Section 11 claims").

Because the claims against the Underwriter Defendants sound in fraud, the heightened particularity requirements imposed by Federal Rule of Civil Procedure 9(b) apply. *See, e.g., In re STEC Inc. Sec. Litig.*, 2011 WL 4442822, at *2 (C.D. Cal. Jan. 10, 2011) (applying Rule 9(b) to Securities Act claims and defendants); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1065-66 (N.D. Cal. 2010) (same); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 979 (N.D. Cal. 2007) (same). For the reasons set forth in the brief filed by the Motricity Defendants, the Complaint does not meet the stringent requirements of Rule 9(b). The Court should therefore dismiss it.

**C.    Even Under Rule 8, Plaintiffs Have Not Adequately Alleged Any False Statement in the Offering Documents.**

**1.    Plaintiffs Rely on Impermissible "Puzzle-Style" Pleading.**

Even if Rule 8 were to apply here, the Complaint would still fail to state a claim. As an initial matter, the Complaint falls short because it consists of nothing more than lengthy block quotes from the offering documents, juxtaposed against a common set of generic, conclusory allegations regarding the "true facts." Compl. ¶¶ 46-86, 87-90. Courts have specifically rejected this sort of "puzzle" pleading at the motion to dismiss stage because this "format provides no clear sense of the time line of defendants' alleged knowledge, nor particularized allegations as to the reasons for any given statement's alleged falsity," and these "puzzle-style pleadings clash with Rule 8 because they are not plain—their evasive, non-committal style

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 5
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

significantly increases the burdens to both the defendants and the court." *Cornerstone Propane*, 355 F. Supp. 2d at 1081; *see also Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG (ANx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable.").

### 2.      Plaintiffs Do Not Identify a False Statement.

Even setting aside Plaintiffs' impermissible "puzzle-pleading," their Complaint fails because it does not identify any false or misleading statements in the offering documents, which are the only statements that possibly could give rise to liability on the part of the Underwriter Defendants under the Securities Act.  Compl. ¶¶ 46-55.  As discussed below, although the Complaint challenges several categories of statements in the offering documents, it does not allege facts to support an inference that any of these statements was false or misleading when made.  A chart summarizing the alleged false statements and the reasons they do not contain plausible or actionable allegations of falsity follows as Appendix A.

### a.      Plaintiffs Fail to Allege a False Forward-Looking Statement.

Plaintiffs challenge several statements in the offering documents regarding Motricity's expected future growth.  Specifically, the Complaint challenges statements that Motricity intended to expand internationally and broaden its product offerings and customer base, and that Motricity expected to capitalize on the extensive capabilities of smartphones and their significant adoption in the marketplace.  Compl. ¶ 52; *see* App. A (listing alleged false statements).

By definition, these statements about Motricity's future prospects are forward-looking. *See In re Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1098 (C.D. Cal. 2008) (words such as "expect" identify forward-looking statements); *In re Pac.Gateway Exchange, Inc., Sec. Litig.*, No. C-00-1211 PJH, 2002 WL 851066, at *10-11 (N.D. Cal. Apr. 30, 2002) (statements that an issuer "intends" or "expects" certain things are forward-looking).  To allege

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 6
DWT 19019367v1 0095090-000001

that these statements were false when made, Plaintiffs must allege facts supporting a reasonable inference that the speakers did not actually believe the statements, or had no reasonable basis to make them, or were aware of undisclosed facts tending seriously to undermine them. *Oracle*, 627 F.3d at 388.

Plaintiffs' Complaint does not allege any such facts. *See* Compl. ¶ 87. It does not allege that any of the speakers did not believe what they said, nor does it allege they lacked a reasonable basis for their statements, or were aware of facts tending seriously to undermine them. Rather, the Complaint simply alleges that, long after Motricity's IPO, Motricity experienced some difficulties and setbacks with its business. *See id.* (alleging that Motricity's "business was being adversely affected" and "not growing as fast as represented"). This does not support an inference that any of these statements was false when made. *See In re Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 847 (9th Cir. 2003) (defendant's "later, sobering revelation" did not turn the defendant's "earlier, cheerier statement into a falsehood"), *abrogated on other grounds as noted in S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008); *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 934 (9th Cir. 1996) ("Because Defendants' predictions proved to be wrong in hindsight does not render the statements untrue when made.").

Further, the "bespeaks caution" doctrine protects forward-looking statements couched in cautionary language. *See Clorox*, 353 F.3d at 1132. Here, the Registration Statement contains extensive cautionary language, including, among many others, that "[t]he mobile data services industry is, and likely will continue to be, characterized by rapid technological changes"; that Motricity has "a history of net operating losses and may continue to suffer losses in the future"; that Motricity "provide[s] service level commitments to our customers, which could cause us to incur financial penalties if the stated service levels are not met for a given period and could significantly reduce our revenue"; and that Motricity "rel[ies] on the development of content and applications by third parties, and if wireless carriers and their subscribers do not find such content compelling, our sales could decline." *See* Escobar Decl. [Dkt. 51] Ex. A [S-1] at 13-32 (listing risk factors).

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 7
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Finally, many of the forward-looking statements – such as Motricity's "strong relationships with wireless carriers," its "comprehensive expertise in managed service operations," its "expansive device portfolio," and its description as a "market leader" – amount to inactionable "puffery." Compl. ¶¶ 50-52. Courts have long recognized that "[p]eople in charge of an enterprise are not required to take a gloomy, fearful or defeatist view of the future; subject to what current data indicates, they can be expected to be confident about their stewardship and the prospects of the business that they manage." *Shields v. Citytrust Bancorp*, 25 F.3d 1124, 1129-30 (2d Cir. 1994). Accordingly, investors "know how to devalue the optimism of corporate executives." *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1481 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993). Because these puffing statements are "'not capable of objective verification' and 'lack a standard against which a reasonable investor could expect them to be pegged,'" they are deemed immaterial (and therefore not actionable) as a matter of law. *Impac*, 554 F. Supp. 2d at 1096 (quoting *Grossman v. Novell*, 120 F.3d 1112, 1119 (10th Cir. 1997)).

### 3.      Plaintiffs Fail to Allege a False Present-Tense Statement.

To the extent Plaintiffs purport to allege falsity as to any present-tense statements in the offering documents, those allegations fail because Plaintiffs have not alleged facts supporting a reasonable inference that those statements were false when made. Many of the challenged statements are opinions, which are not false because Plaintiffs do not allege both objective and subjective falsity. *Rubke*, 551 F.3d at 1162. As to those statements that arguably assert facts, Plaintiffs do not allege any facts suggesting that such statements were false when made. Even if Motricity's business was encountering difficulties, that does not make the challenged statements false. "Problems and difficulties are the daily work of business people. That they exist does not make a lie out of any of the alleged false statements." *Ronconi v. Larkin*, 253 F.3d 423, 434 (9th Cir. 2001). *See Read-Rite*, 335 F.3d at 847 (later statements or developments do not render an earlier statement false when made).

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 8
DWT 19019367v1 0095090-000001

### a.   Plaintiffs Fail to Allege Any False Statement of Opinion.

Several challenged statements relate to Motricity's competitive strengths, including its strong relationships with wireless carriers, deep integration within the mobile data ecosystem, a highly scalable platform, and comprehensive expertise in managed service operations.  Compl. ¶ 50.  These are statements of opinion because they cannot be evaluated by an "objective standard."  *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011); *In re Wash. Mut., Inc. Sec. Litig.*, 694 F. Supp. 2d 1192, 1224 (W.D. Wash. 2009) (a statement is an opinion if it is not "a verifiable factual statement").  As a result, Plaintiffs can state a claim as to these statements only if they allege both objective and subjective falsity.  *See Rubke*, 551 F.3d at 1162.  Here, Plaintiffs have failed to allege one, much less both.

Nowhere does the Complaint allege facts demonstrating that the speakers knew these statements to be false.  *See In re Wells Fargo Mortg. Backed Certificates Litig.*, 09-CV-01376 LHK, 2010 U.S. Dist. LEXIS 106687, at *19 (N.D. Cal. Oct. 5, 2010) (dismissing claims because plaintiffs "failed to directly allege that Wells Fargo knew the appraisals, ratings, and LTV ratios were false or misleading"); *Rubke*, 551 F.3d at 1162 (holding that the defendant that issued the registration statement must be alleged to have known the opinion was false or misleading to state a Section 11 claim).

Nor does the Complaint allege objective falsity.  Indeed, none of the purported "true facts" calls into question the statement that Motricity had "well-established relationships with the top wireless carriers," or that it was "deeply integrated into our wireless carrier customers' systems," or that Motricity had an "expansive device portfolio and onboarding process." *Compare* Compl. ¶¶ 50-51 *with* ¶ 87.  Again, the allegation that Motricity later encountered difficulties or challenges in its business does not suggest that any of these statements were false when made.  Further, these statements of generic optimism amount to inactionable puffery.  *See In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, No. 05-232, 2007 WL 81937, at *8 (E.D. Pa. Jan. 9, 2007) (statement that a company's "'demonstrated strengths' included 'a strong credit culture

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 9
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

which consistently originates quality performance loans' … [is] the type of vague statement[] that fall[s] squarely under the definition of puffery").

Plaintiffs also complain about the classification of Motricity's revenues as "managed services" revenues or "professional services" revenues. Compl. ¶ 53. Because this classification involves judgment, it is a statement of opinion. *See Fait*, 655 F.3d at 110-11. Plaintiffs fail to allege facts showing that as of the time of the IPO, Defendants knew the classification to be in error and therefore, that it was subjectively false. Further, Plaintiffs fail to allege facts establishing that this statement was objectively false: as Plaintiffs admit, although Motricity eventually reclassified certain revenues from the third quarter of 2010 through the second quarter of 2011, the registration statement included revenue figures only through the first quarter of 2010. *Compare* Compl. ¶ 12 *with* ¶ 53. Thus, the reclassification did not change or even address the revenue information reported in the registration statement at all—it was neither restated nor reclassified in any way.

### b.   Plaintiffs Fail to Allege Any False Statement of Fact.

Plaintiffs also challenge present-tense statements about Motricity's compatibility with and support for smartphones. *See* Compl. ¶¶ 49, 54. These include statements to the effect that Motricity had an expansive device portfolio and an increasing market share for smartphones, and that Motricity's support for smartphones was independent of a particular device or operating system. *Id.* Plaintiffs also challenge statements that Motricity's revenue and profitability were "accelerating" and Motricity had a 25% growth rate. *Id.* ¶ 47. These claims fail, however, because the Complaint does not plausibly allege that these statements were false when made.

Plaintiffs do not actually deny that Motricity supported thousands of different mobile phones, including smartphones, across a wide array of manufacturers and carriers, nor do they deny that Motricity offered solutions independent of the phone's operating system. Instead, Plaintiffs appear to claim that all of these statements were false or misleading because consumers were adopting smartphones at a much faster rate than Motricity disclosed, and

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 10
DWT 19019367v1 0095090-000001

because Motricity did not have a "viable" smartphone solution.  Compl. ¶ 87.  However, Plaintiffs' Complaint does not allege any facts supporting an inference of falsity on this basis.

Regarding smartphone adoption rates, Motricity's registration statement cited figures that Motricity attributed to the Yankee Group.  *Id.* ¶ 49.  Plaintiffs do not allege that the offering documents incorrectly reported the Yankee Group figures, nor do they allege any facts suggesting that the Yankee Group figures were incorrect at the time of the IPO.  Instead, Plaintiffs contrast the Yankee Group figures with figures from a different study, by a different company, that was not released until nearly two months *after* Motricity's IPO.  *Id.* ¶ 88.  But the fact that a different company published different estimates nearly two months after the IPO does not support an inference that the reference to the Yankee Group statistics was false or misleading when made.  *See Padnes v. Scios Nova Inc.*, No. C 95 1693 MHP, 1996 WL 539711 at *5 (N.D. Cal. Sept. 18, 1996) ("where a company accurately reports the results of a scientific study, it is under no obligation to second-guess the methodology of that study."); *In re Medimmune, Inc. Sec. Litig.*, 873 F. Supp. 953, 966 (D. Md. 1995) (same).

Nor do Plaintiffs allege any facts that would undermine Motricity's statements to the effect that its existing mCore product supported a wide array of smartphones with varying manufacturers, carriers and operating systems.  Compl. ¶ 54.  Instead, based solely on statements attributed to two confidential witnesses, Plaintiffs allege a bare conclusion that Motricity's MobileCast product—which Motricity released three months *after* the IPO—was not a "viable" smartphone solution.  *Id.* ¶¶ 62, 87, 89-90.  The Complaint does not include any facts suggesting that either of these confidential witnesses had personal knowledge of the "facts" attributed to them, as the Ninth Circuit requires.  As a result, their statements cannot support a plausible claim of falsity.  *See Zucco Partners, LLC  v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009) (setting forth test to analyze confidential witness allegations).  Further, as the Complaint itself makes clear, the confidential witnesses are simply wrong.  Virgin Media adopted the MobileCast product by February 2011, which it would not have done if it was not a "viable" solution.  Compl. ¶ 69.

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 11
DWT 19019367v1 0095090-000001

Finally, with respect to statements that Motricity's revenue and profitability was accelerating and experiencing 25% growth, Compl. ¶ 47, Plaintiffs' own allegations demonstrate these statements were not false when made in June 2010.  Motricity's third quarter 2010 revenue, encompassing June 2010, was up 35% year-over-year.  *Id.* ¶ 63.  Plaintiffs have not alleged any facts demonstrating that defendants' statements about Motricity's accelerating revenue and earnings or growth rate were false when made.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint with prejudice as to the Underwriter Defendants.

RESPECTFULLY SUBMITTED this 14th day of February, 2012.

DAVIS WRIGHT TREMAINE LLP

By:    */s/ Stephen M. Rummage*
    Stephen M. Rummage, WSBA No. 11168
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    Phone:  206-622-3150
    Fax:  206-757-7700
    Email:  steverummage@dwt.com

LATHAM & WATKINS LLP

Peter A. Wald
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Phone:  415-391-0600
Fax:  415-395-8095
Email:  peter.wald@lw.com

Patrick E. Gibbs
Andrew M. Farthing
140 Scott Drive
Menlo Park, CA 94025
Phone:  650-328-4600
Fax:  650-463-2600
Email:  patrick.gibbs@lw.com

*Counsel for Defendants J.P. Morgan Securities Inc., Goldman, Sachs & Co., Deutsche Bank Securities Inc., RBC Capital Markets Corporation, Robert W. Baird & Co. Incorporated, Needham & Company, LLC and Pacific Crest Securities LLC*

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 12
DWT 19019367v1 0095090-000001

**APPENDIX A**

| Alleged False Statement | Arguments | Page |
|---|---|---|
| ¶ 47 – Motricity's performance:<br>• "Inflection point reached – accelerating revenue and profitability."<br>• "Accelerating Earnings Growth"<br>• "Expansion within existing customers"<br>• "25% growth rate, both as a four-year trend and a first quarter 2009 to first quarter 2010 increase" | • Present-tense statement of fact<br>• Not alleged to be false when made | 10-11 |
| ¶ 49 – "Motricity's compatibility with smartphones"<br>• "we optimize and deliver [content and applications] to over 2,000 different mobile phone models"<br>• "The Yankee Group estimates that the proportion of U.S. subscribers owning smartphones increased to 12% in 2009 from 9% in 2008 and 6% in 2007."<br>• "Smartphone Market Share Increasing" | • Present-tense statement of fact<br>• Based upon reported study by The Yankee Group that was accurately reported in the Registration Statement | 10-11 |
| ¶ 50 – "the Company's competitive strengths"<br>• "Strong Relationships with Wireless Carriers"<br>• "Deep Integration within the Mobile Data Ecosystem"<br>• "Highly Scalable Platform"<br>• "Comprehensive Expertise in Managed Service Operations" | • Present-tense statement of opinion<br>• Not alleged to be objectively and subjectively false<br>• Generic statements of corporate optimism / puffery | 7-9 |
| ¶ 51 – "Motricity's support for smartphones and open systems"<br>• "Expansive Device Portfolio and Onboarding Process" | • Present-tense statement of opinion<br>• Not alleged to be objectively and subjectively false<br>• Generic statements of corporate optimism / puffery | 7-9 |
| ¶ 52 – "Motricity's future growth opportunities"<br>• "We intend to expand our business in developed and emerging international markets"<br>• "we intend to expand on [our] position" as "a market leader in mobile data services"<br>• "We intend to leverage our core competencies, technologies, and | • Forward-looking statement<br>• Not alleged to be not actually believed by speaker<br>• Statements "bespoke caution" because they were accompanied by meaningful cautionary language<br>• Generic statements of corporate optimism / puffery | 6-8 |

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 13
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| | | |
|---|---|---|
| existing market position to broaden our offerings and customer base and advance into new market segments"<br>• "We intend to extend further our support for new versions of smartphones"<br>• "We expect to fully capitalize on the extensive capabilities of smartphones and their significant market adoption" | | |
| ¶ 53 – "breakdown of managed services and professional services revenues" | • Present-tense statement of opinion<br>• Not alleged to be objectively and subjectively false<br>• Revenues reported in Registration Statement through 1Q10 were never reclassified or restated | 9-10 |
| ¶ 54 – smartphone "solutions and services"<br>• "Our [smartphone] solutions include … mCore Portal … a carrier-branded mobile destination accessible through over 2,000 different mobile phone models"<br>• "Mobile Device and Operating System Independent" | • Present-tense statement of fact<br>• Not alleged that Motricity's mCore Portal was not accessible through over 2,000 different mobile phone models, independent of the device and operating system | 10-11 |

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 14
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel email addresses registered on the CM/ECF system:

Andrew Ramiro Escobar:  andrew.escobar@dlapiper.com, karen.hansen@dlapiper.com

Bradley Jerome Moore:  brad@stritmatter.com, elodie@stritmatter.com, pattis@stritmatter.com

Brian O O'Mara:  bomara@rgrdlaw.com, e_file_sd@rgrdlaw.com, johnkg@rgrdlaw.com

Dan Drachler:  ddrachler@zsz.com

Darren J Robbins:  e_file_sd@csgrr.com

David C Walton:  davew@rgrdlaw.com, e_file_sd@rgrdlaw.com

Duncan C Turner:  duncanturner@badgleymullins.com, courtnotices@badgleymullins.com

Elizabeth Ann Leland:  bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

John K Grant:  johnkg@rgrdlaw.com, e_file_sf@rgrdlaw.com, nnewton@rgrdlaw.com

Juli E. Farris:  jfarris@KellerRohrback.com, lbachmann@kellerrohrback.com

Karl P Barth:  karlb@hbsslaw.com, dawn@hbsslaw.com, robert@hbsslaw.com, shelbys@hbsslaw.com

Lynn Lincoln Sarko:  lsarko@kellerrohrback.com, cengle@kellerrohrback.com

Robert I Harwood:  rharwood@hfesq.com, gmariano@hfesq.com

Roger M Townsend:  rtownsend@bjtlegal.com, admin@bjtlegal.com

Samuel K Rosen:  srosen@hfesq.com

Stellman Keehnel:  stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Steve W. Berman:  steve@hbsslaw.com, heatherw@hbsslaw.com, robert@hbsslaw.com

William R Spurr:  bill@williamrspurr.com

DATED this 14th day of February, 2012.

By: */s/ Stephen M. Rummage*

Stephen M. Rummage, WSBA No. 11168
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Phone:  206-622-3150
Fax:  206-757-7700
Email:  steverummage@dwt.com

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS (2:11-CV-01340-TSZ) — 15
DWT 19019367v1 0095090-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700