**FILED**

MAY 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFF MOSCO; et al., <br><br> Plaintiffs - Appellants, <br><br> LOBEL FAMILY, <br><br> Movant - Appellant., <br><br> And <br><br> JOE CALLAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MOTRICITY INC; et al., <br><br> Defendants - Appellees, <br><br> V. <br><br> LOBEL FAMILY, <br><br> Movant - Appellant. | No. 13-36029 <br><br> D.C. No. 2:11-cv-01340-TSZ <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted April 8, 2016
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

In this consolidated securities class action, Cliff Mosco, Rich Hardy and Evan S. Lobel ("Plaintiffs") appeal from two Rule 12(b)(6) orders dismissing their Second and Third Amended Complaints against Defendants Motricity, Inc. ("Motricity" or the "Company") and certain of its officers and directors (collectively, the "Motricity Defendants"), and the banks who underwrote its Initial Public Offering ("IPO") on June 17, 2010. We have jurisdiction under 28 U.S.C. § 1291 and review de novo, accepting all well-pleaded allegations as true. *Lloyd v. CVB Financial Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We affirm.

1. Counts 3 and 4 of the complaints allege that all Defendants violated §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77o, and Item 303 of Regulation S-K by preparing and filing a Registration Statement in connection with Motricity's IPO that: (1) misrepresented that Motricity's product provided access to the "entire" Internet; (2) failed to disclose a dramatic shift in the mobile industry from carriers to smartphone manufacturers, and the corresponding high

rate of smartphone adoption in the market; and (3) misrepresented the profitability of Motricity's contract with XL Axiata. These strict liability claims arise from the same unified course of alleged conduct that forms the basis of Plaintiffs' fraud claims: Defendants engaged in a scheme to defraud investors by misrepresenting facts and omitting adverse facts known to them about Motricity's software product, thus enabling some of the Company's principal shareholders to sell over $11 million worth of their own Motricity stock at artificially inflated prices. *See Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1323 (2015) (§ 11 claims require no proof that defendants act with intent to deceive or defraud); *In re Rigel Pharm., Inc. Secs. Litig.*, 697 F.3d 869, 885–86 (9th Cir. 2012) (complaint "sounds in fraud" when it alleges and relies on a "unified course of fraudulent conduct" as the basis of a claim (quoting *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009)).

The district court properly dismissed Plaintiffs' § 11 and Item 303 claims under Rule 9(b) and the Private Securities Litigation Reform Act, and also under Rule 8. *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 604 (9th Cir. 2014). First, the Registration Statement disclosed the very trend that Plaintiffs claim Motricity hid from the market, adequately warning investors about the potential market shift from carriers to manufacturers. Second, the Registration

Statement adequately informed investors that the mCore platform, though capable of providing broader access to the Internet, was designed to allow carriers to design and customize mobile data services and Internet access according to each carrier's preferences. Third, the Registration Statement made no misrepresentations or omissions about Motricity's contract with XL Axiata, which Motricity was entitled to tout as an example of its expanding international business and scalable platform without detailing the contract's terms.

2. Counts 1 and 2 of the complaints allege that the Motricity Defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by misrepresenting that (1) the mCore product provided access to the entire internet; (2) the mCore Marketplace products were competitive with smartphone technology and desirable to smartphone users; and (3) the deployment of Motricity's software platform for various Asian carriers was "on track."

Plaintiffs fail to show why these claims were false or made with scienter. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011). The alleged misrepresentations are forward-looking, too vague to be actionable, or constitute puffery or fraud by hindsight, none of which are actionable under § 10(b). *See Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th

Cir. 2014) (forward-looking statements); *Or. Pub. Emps.*, 774 F.3d at 606 (vague statements of corporate optimism); *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (puffery); *Ronconi v. Larkin*, 253 F.3d 423, 430 n.12 (9th Cir. 2001) (fraud by hindsight). Individually, Plaintiffs' allegations do not create a strong inference of scienter. *See N.M. State Inv. Council v. Ernst & Young, LLP*, 641 F.3d 1089, 1095 (9th Cir. 2011) (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991–92 (9th Cir. 2009)). Although Plaintiffs claim that scienter should be inferred from certain stock trades by senior executives of the Company, as alleged in the complaints these trades are not suspicious. *See, e.g.*, *In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). Nor is scienter established by the confidential witnesses who simply corroborated the disclosure that Motricity's carrier customers could use the software it provided to limit subscriber access to the Internet. Viewed holistically, Plaintiffs' scienter allegations demonstrate that Motricity entered the market expecting to excel in the face of known trends but experienced setbacks that eventually led to significant losses. The sum of these innocent inferences far outweighs an inference of fraudulent intent. *Zucco Partners*, 552 F.3d at 991–92.

    **AFFIRMED**.